Verdict for the defendant.

Messrs. Duncan and S. Riddle, *pro quer.*

Messrs. Watts and Brown, *pro def.*

## *102]  *Walter Beatty and Nancy his wife *against* Samuel Smith.

A recognizance in the Orphans' Court for the distributive share of a child, is in nature of a judgment, and cannot be reduced by circumstances or considerations anterior to such recognizance. Notice of a set-off should be certain and particular; and if the set-off is to be proved by the acknowledgments of the party, it should be so expressed in the notice.

DEBT 137l. 14s. 6½d. *sur* recognizance, in the Orphans' Court. Plea, payment with leave to give the special matter in evidence. The facts are these :

Samuel Smith, father of the plaintiff Nancy, and of the defendant, died in 1763, intestate, seised of a tract of 408¾ acres of land, having a widow, four daughters and one son, his youngest child, then aged six years. Nancy, the plaintiff, was the youngest daughter, and then aged about seven years.

The family were brought up together, and lived on the lands until the daughters were severally married. Nancy married in 1778. The defendant occupied the lands afterwards for his own use.

On the 4th September 1797, the plaintiffs applied for a partition or valuation of the real estate. The jury finding that the same could not be divided without prejudice to the whole, made a valuation thereof, and the defendant accepted the lands, and entered into recognizances, for the payment of the distributive shares of his sisters on the 27th November.

The defendant gave notice of several matters, for which he claimed set-offs. 1. That the improvements on the land, made since the death of the intestate, until the time of valuation, being appraised with the land, he claimed to be allowed an equivalent therefor, proportioned to each child's share. 2. He also claimed an allowance for taxes paid for the real estate between 1780 and 1797. 3. Likewise for his trouble, costs and expences, in defending an ejectment brought against him by Henry Snevely, according to a family agreement, and in which there was a subsequent eviction on the 23d April 1799, of 47 acres, part of the lands appraised ; and 4th, for the taxes paid by him, on those 47 acres.

On the defendant's offering to give evidence of these set-offs, the plaintiffs' counsel excepted thereto.

[Beatty and wife *v.* Smith.]

The recognizance is a debt on record, binding the lands of the cognizor. It is given in pursuance of the decree of a court of common jurisdiction, and is equivalent to the judgment of a common law court. The subject matter has passed *in rem judicatam,* and it cannot be overhauled or examined into, in this collateral way. But independent thereof, the two first claims are not proper matters of set-off. If any real improvements made at the proper costs of the defendant, have been valued by the *jury [*103 (which we utterly deny,) he ought to set in opposition thereto, the profits of each child's share of the real estate, during the period of his enjoyment of it, for his exclusive benefit, and the balance be struck on a fair statement.

Another objection occurs to the testimony. The notice is too general. It does not state the improvements, their nature, value, nor when made. It gives no materials, which may be combated by other proof. The notice of a set-off, should be minute and certain. Where any debt is intended to be insisted on in evidence, notice must be given of the particular sum or debt, so intended to be insisted upon, and on what account it became due. Bull. 1792.

*E contra,* the defendant's counsel contended, that the recognizance was only a more formal solemn contract, on vesting the intestate's real estate in such child as took it at the appraisement.

It is not in the nature of a judgment, but is simply the acknowledgment of a debt upon record, binding the party's lands. It would be highly unjust, that the improvements made by the son, should be appraised by the jury, and he be compelled to pay ⅘th parts thereof again to his sisters.

The present jury must necessarily judge, whether the plaintiffs' share of the improvements does not surmount their claim of rents, and act accordingly. It is certain, that the notice of the sets-off might be much more special; but if the plaintiffs objected to the generality of it, they ought to have made the exception at the time, and a more particular account would have been furnished to them, or their counsel. The liberality of the practice in this state is well known to the court.

*Per Cur.* Unquestionably the recognizance in the Orphan's Court is in the nature of a judgment. The interests of minors as well as persons of full age, would be strangely affected, if a doctrine should prevail, that while they were divested of their interests in the land, their distributive shares of the valuation should not be placed on a secure and permanent footing. If they are liable to have their dividends reduced, by circumstances or considerations which have occurred anterior to the recognizance solemnly given, they will be but badly protected by the law. Why was not this defence set up by the son in the Orphan's Court, previous to their decree and his subsequent recognizance? Can any good reason be assigned for it. We cannot

4 YEATES—7

[Beatty and wife *v.* Smith.]

presume that the inquest have appraised valuable permanent improvements made at the son's expence, as the property where-of the father died seised.

The testimony on the two first items must be overruled; as to *the two last items, which have happened since the valuation, as it is said under the agreement of the family, evidence applicable to them may be given.

\*104]

The defendant then offered to prove the plaintiffs' acknowl-edgment made since the valuation of the lands, that certain matters anterior thereto were justly due from them, and ought to be allowed; and cited defalcation act.    1 St. Laws 65.

*Sed per Cur.*   The defendant is not compellable to make a set off; and having been silent as to these acknowledgments in his notice of set off, it would be a surprize on the plaintiffs to urge them at present.    They must be the subject of a future action.

The plaintiffs' counsel agreed that ⅛th of the costs attending the valuation and confirmation of the lands in the Orphan's Court, and also of the costs in Snevely's ejectment, should be deducted from the recognizance, and that the jury should ascer-tain how much the defendant was entitled to for his trouble and expences in defending the ejectment, and charge ⅛th part thereof to the plaintiffs.

The court recommended to the parties, that an amicable action should be entered, to settle all the family disputes.    They observed, that the children having been all brought up together on the land, it was highly probable, that such improvements as had been made on the premises during the minority of the son, were effected by the general stock.    When the daughters mar-ried and left the farm, they were respectively intitled to their proportions of the rents and profits, deducting thereout their shares of the taxes : if any permanent improvements had been made at the exclusive costs of the son, which afterwards were valued by the inquest, the daughters should be charged with their proportions thereof; but if such improvements had not been so valued, then they were intitled to the full balance.

To this the plaintiffs' counsel agreed; but the defendant refused, unless the whole matters were submitted to the jury in the present suit.

The jury gave a verdict for the plaintiffs for 162l. 7s. 8d.

Messrs. Duncan, S. Riddle and Brotherton, *pro quer.*
Messrs. Watts and Orbison, *pro def.*