## Baird *against* Lent.

A vendee, by articles of agreement, without the payment of any purchase-money, has an interest in his bargain, enhanced by expenditure in improvements, which is the subject of lien, levy and sale by the sheriff. But a levy and sale of such an interest without inquisition, or a waiver of it, is absolutely void.

ERROR to the common pleas of *Bradford* county.

Eli Baird against Tobias Lent. Ejectment for a tract of land, in which the following facts were stated to be considered in the nature of a special verdict.

Rollin Wheeler contracted with V. Le Ray de Chaumont, by articles of agreement by which the said Wheeler agreed to pay the said Le Ray a stipulated sum in yearly payments, on the payment of which the said V. Le Ray was to make a deed of conveyance to said Wheeler of the premises. In pursuance of the contract, Wheeler went into possession of the land, and cleared thirty acres, and fenced and cultivated the same; built a log house and framed barn and stable, and set out an orchard upon the premises. He paid no part of the purchase-money to Le Ray, the payments all having become due. After the 21st of March 1837, Wheeler sold his interest in the premises by assignment, on the back of the article from Le Ray, to Tobias Lent, for a *consideration* then paid him by said Lent; that after said purchase by Lent, of Wheeler, and before the sale, hereafter mentioned, made of the premises by the sheriff to Eli Baird, the said Tobias Lent purchased the legal title to the land of V. Le Ray de Chaumont, who, by deed dated the 1st of April 1837, conveyed the said premises to said Lent, who gave his bond and mortgage to Le Ray for the purchase-money, of which sale to Lent by Le Ray, the said Eli Baird had notice at the time of the sale by the sheriff to him. Lent was in possession of the premises at the time of the sale by the sheriff. On the 21st of March 1837, judgment was entered by the court of common pleas of Bradford county, in favour of Eli Baird against Rollin Wheeler, for 76 dollars 67 cents, debt, and 4 dollars 12 cents costs. *Fieri facias* No. 83, December term 1837, issued and returned by the sheriff that he had levied on a tract of land containing 100 acres more or less, 30 acres improved, &c., (being the land now in question,) and that he had, after due notice, sold the same to Eli Baird, Dec. 11, 1837, for the sum of                December 12, 1837, Guy Toza, sheriff, executed and acknowledged a deed of the premises to Eli Baird. No inquisition, or waiver of inquisition, was had. On the above facts, if the court shall be of opinion that the plaintiff is entitled to

[Baird v. Lent.]

recover, then judgment to be entered for the plaintiff, with costs, but should the court be of opinion, on the above facts, that the plaintiff is not entitled to recover, then judgment to be entered for defendant, with costs, with leave to either party to remove, by writ of error to Supreme Court.

The court below rendered a judgment for the defendant.

*Overton*, for plaintiff in error, on the subject of the want of an inquisition, cited the act of the 16th of June 1836, sect. 44; 1 *Rawle* 223; 4 *Watts* 376; 16 *Serg. & Rawle* 166; 3 *Watts* 223.

*Williston* and *Elwell, contra*, cited 4 *Yeates* 108, 212; 2 *Binn.* 80; 4 *Watts* 285; 8 *Serg. & Rawle* 507.

PER CURIAM.—A vendee by articles of agreement, has no equity against his vendor beyond the amount of the paid purchase-money; but against every one else he has an interest in the bargain, enhanced, perhaps, by expenditure in improvements, which is a valuable one, and which, being direct instead of incidental, may, according to Morrow *v.* Brenizer, be bound by a judgment. The very right which he has to call for a conveyance on payment of purchase-money, or on other performance of his stipulations, would pass by his conveyance, and it is therefore inherent in the land. But if it would pass by his voluntary conveyance, it would pass by a sale on a judgment; and if it would thus pass against himself, it would consequently pass against his vendee by conveyance, subsequent to the judgment, who stands in his place. Nevertheless, as there was neither inquisition nor waiver of it, in this instance, the sheriff's deed is void. We regret to learn that it is not unusual in some of the northern counties, to sell land on a *fieri facias*, as the practice must lead to great insecurity of title, being in plain disregard of the law.

Judgment affirmed.