## Shoemaker *versus* Ballard.

1. Though parol evidence is not admissible to contradict or vary a sheriff's return to a writ, yet, where ambiguity exists in it, parol proof of facts consistent with and not appearing on the face of the return may be heard in explanation, and to show the truth of the case.

2. Where a levy is made on two tracts of land, but in the inquisition it was stated that the rents, issues, and profits of *a certain piece or parcel of land set forth and described in the annexed schedule,* (meaning the levy,) are not sufficient to satisfy the debt, the uncertainty as to whether both tracts were acted upon by the inquest, or only one of them, may be removed by parol proof. One party may show that the inquest acted upon one tract only, and the other may show the value of the rents and profits of the tract in dispute.

ERROR to the Common Pleas of *Bradford county.*

This was an ejectment, by Ballard against Shoemaker and others, for fifty-five acres of land. The plaintiff, to make out his title, gave in evidence that Gilbert Ayres had possession of the land in question, under articles of agreement with John Ferguson ; that he obtained judgment against Ayres, under which the land was sold at sheriff's sale to Ballard, and a sheriff's deed made to him.

The defendant, Shoemaker, claimed by virtue of a parol sale from Ayres before the rendition of Ballard's judgment, and that he had taken possession and paid the purchase-money. Shoemaker sold to Joseph Fenton, to whom John Ferguson conveyed by deed.

On part of the plaintiff was given in evidence the *fi. fa.* on the judgment of Ballard, and the sheriff's return of a levy on *two pieces of land,* describing each ; one containing forty acres, &c., and the other containing fifty-five acres, or thereabouts, &c. ; also, inquisition, in which it was stated that the rents, issues, and profits of *a certain piece or parcel of land,* fully set forth and described in the *annexed schedule,* late of the estate of Gilbert Ayres, in said writ named, with the appurtenances, are not of a clear yearly value, beyond all reprises, sufficient within the space of seven years, to

[Shoemaker *v.* Ballard.]

satisfy the debt and damages in said writ mentioned, valued and appraised at four hundred dollars.

The inquisition did not designate either tract.

The *venditioni exponas* was offered in evidence, and was objected to, because it did not appear from the inquisition *that the land in question had been condemned.* The evidence was admitted and exception taken. On the writ of *venditioni exponas*, the sheriff made return that he *sold the lands mentioned in said writ* to O. P. Ballard, for the sum of $50.

The sheriff's deed, dated 12th February, 1845, was offered and objected to; admitted, and exception taken.

The *defendants* offered to prove, by witnesses who were present at the holding of the inquisition, that the land in question was *not* brought into consideration before the inquest. This was objected to, and the evidence was overruled.

On the part of *plaintiff*, it was then offered to prove the value of the rents, issues, and profits of the land in question, from the date of the deed, 12th February, 1845, to 18th July, 1848, exclusive of any enhanced value by the improvements made thereon. This was objected to, but it was admitted.

Verdict for plaintiff.

The case was tried before WILLISTON, J.

Error was assigned to the admission of the *venditioni exponas* and deed, and the evidence of the value of the rents and profits of the lands, and to the rejection of the evidence as to the action of the inquest.

The case was argued by *Watkins* and *Elwell*, for plaintiffs in error.—A sale of real estate, without a waiver of inquisition or condemnation, is void: Act of 16th June, 1836, sections 44, 61; 8 *Watts* 422, Baird *v.* Lent. The sheriff's return should show affirmatively that an inquest has been held. As it appeared that the inquest had passed on one tract only, *both* could not be sold by execution on the judgment. The *parol* evidence to show that an inquest was *not* held upon the land in question was competent: Hoffman *v.* Danner, 2 *Harris* 25.

*Mercur*, for defendant.—Irregularities and defects in a sheriff's deed should be taken advantage of *before acknowledgment* of the deed: 2 *Bin.* 227; 2 *Barr* 339; 10 *id.* 491. Parol evidence should not be received to vary the legal effect of the sheriff's return: 7 *W. & Ser.* 134; 5 *Barr* 467.

The opinion of the court was delivered, July 23, by

ROGERS, J.—This is an action of ejectment, to recover 55 acres of land. The plaintiff, to support his title, gave in evidence a *fi. fa.* and levy made upon two tracts of land, an inquest held by the

sheriff, as shown by his return, upon a certain piece or parcel of land, not designating (as the defendants contend) which parcel. The *venditioni exponas* and sheriff's deed, being offered in evidence, were objected to, because the land in question had not been condemned. The court admitted the evidence; whereupon the defendant offered to prove, by witnesses who were present at the inquisition, that the sheriff did not hold an inquest on this tract, but upon the other tract only. This being rejected by the court, is assigned for error.

The act of the 16th June, 1836, expressly requires the holding an inquest, and it has been repeatedly ruled, that a sale of real estate, without waiver of inquisition, or condemnation by an inquest, is void: Baird *v.* Lent, 8 *Watts* 422; Lessee of Porter *v.* Nealan, 4 *Yeates* 103; Lessee of Glancy *v.* Jones, 4 *Yeates* 212, and Burd *v.* Dansdale, 2 *Bin.* 80. The difficulty resting on the plaintiff's title arises on the sheriff's return. Does the return show an inquisition and condemnation of the tract in controversy? Is this the legal effect? If it be, then, as is ruled in McClelland *v.* Slingluff, 7 *W. & Ser.* 134, parol evidence is inadmissible to change or vary it. But, although parol evidence cannot be received to contradict or vary a sheriff's return to a writ, yet proof of facts, consistent with and not appearing on the face of the return, may be heard. This is peculiarly true (as is said by Mr. Justice BELL, in Jordan *v.* Minster, reported in the Law Journal,) of the loose written returns of our writs of execution, which ignorance or carelessness combine to divest of every feature approaching to certainty. It is necessary to allow the liberal use of assisting evidence, oral and documentary, to correct mistakes and explain ambiguities: Hoffman *v.* Danner, 2 *Harris* 25.

The inquisition refers to a condemnation of a certain piece or parcel of land set forth and described in an annexed schedule. If the schedule had contained but one tract, or if the inquisition had designated with any certainty which tract was referred to, (for it contained two tracts,) all difficulty would have been avoided. But it is impossible to say which tract is included, the piece or parcel containing 40 acres, or the tract containing 55 acres, the property in controversy, both of which are particularly described in the schedule. The plaintiff, however, contends the inquisition was held on both tracts, that the return is sufficiently certain to carry both. But this interpretation would be making language, not to construe it. To give the return this reading, we are required to strike out the indefinite article *a*, and to insert the letter *s* after the words piece or parcel. It would then read pieces or parcels of land, of course including all the parcels mentioned in the schedule. This would cut the Gordian knot, and were we allowed to take such liberties with instruments of writing, by adding a letter here and striking out a sentence there, much perplexity would be often avoided, pro-

[Shoemaker *v.* Ballard.]

vided we could agree on the amendments to be made in the writing. This power would be particularly valuable in the construction of wills, where we are often called on to find out the intention of the testator, where, in all probability, he had none at all. This, I agree, is sometimes done, but not to the extent here required. We are, moreover, asked to make an alteration in the return so as to include two tracts; in the form of an offer to prove that only one tract was condemned, that the tract in controversy was not condemned, that no inquisition was held upon it. This may have been a blunder of the sheriff's, but we cannot act on that which hardly amounts to a plausible conjecture; connecting it particularly with the fact, that the defendant was precluded from proving otherwise by the ruling of the court. The plaintiff ought not to be permitted to recover without proving the indispensable prerequisite to a valid title, an inquest and condemnation of the land. This is the case of an ambiguity, and neither party ought to be precluded from showing the truth of the case. The proof does not contradict the return, but explains that which, otherwise, is doubtful and obscure. It is idle to say that the acknowledgment of the sheriff affects the question. It has never yet been held to cure the want of an inquisition and condemnation of real estate.

We see no error in permitting the plaintiffs to give evidence of the value of the rents and profits of the land.

Judgment reversed, and a *venire de novo* awarded.