[Hadden *v.* Clark et al.]

# Hadden *versus* Clark et al.

1. It is irregular to issue a *fi. fa.* and *vend. ex.*, on the same day, and to the same term, and will not be allowed if objected to before the sale, but will be cured by sale, acknowledgment and delivery of the deed, and payment of the money.

2. An attorney-at-law, by virtue of his general retainer, cannot waive the right of inquisition.

ERROR to the Court of Common Pleas of *Fayette county*.

Ejectment for a tract of 400 acres of land, in North Union township. Armstrong Hadden against John Clark, Joseph Clark, Thomas M'Lean, Margaret Peer, and Alfred Patterson. Tried January, 1853, and verdict and judgment for defendants below.

On the trial, the title was admitted to have been in Col. Alex. M'Lean. The plaintiff then showed judgment in the Common Pleas of Fayette county, in favor of *Jane Allen* v. *Alexander M'Lean*, No. 136, October Term, 1822. Entered July 17, 1822. Stay one year. By writing filed, dated March 7, 1826, defendant agrees that judgment is in full force, and that *fi. fa.* may issue at any time when ordered.

*Sci. fa.* No. 21, June Term, 1843; issued March 9. *M. Allen, administrator of Jane Allen, for use of A. Hadden,* v. *Joseph M'Lean, administrator of Alex. M'Lean, deceased.* March 9, 1843, W. E. Austin appears for administrator and heirs, and waives service of writ, and confesses judgment for $400, and waives inquisition and appraisement, and agrees that *vend. exp.* may issue to sell, to next term.

*Fi. fa.* No. 43, June Term, 1843, levied on tract of land in dispute. *Vend. exp.*, No. 44, June Term, 1843.

Sold June 5th, 1843, to Armstrong Hadden for $300. Sheriff's deed to plaintiff, dated and acknowledged June 26, 1843. Plaintiff then rested.

The defendants then showed a judgment in the Common Pleas of Fayette county, No. 80, June Term, 1823, on *sci. fa.*; *Lindsay, for use of Edmundson,* v. *Alexander M'Lean*, $257. *Fi. fa.* to October Term, 1823, No. 162. Levied on land in dispute. Inquisition, and condemned.

*Vend. exp.*, No. 44, March Term, 1824. Sold 340 acre tract to Charles Brown for $450, subject to mortgage of E. Douglass of $1000. Deed to Charles Brown, dated March 4, 1824, acknowledged March 5, 1824. Deed, Charles Brown and wife to A. Patterson, dated May 2, 1848; consideration named, $5800. General warranty.

[Hadden *v.* Clark et al.]

Considerable parol testimony was given on the trial, but the whole question arose upon the following points, put by defendants, and the answers thereto:

1. That an attorney has no power to waive inquisition, and there being no waiver by defendant in this case, sale without inquisition is void.

Answered in the affirmative by the court.

2. That the prothonotary has no power to issue a *vend. exp.* without the sanction of the court; and the *vend. exp.* issuing in this case to the same term, and on the same day with the *fi. fa.*, must have been done without the sanction of the court, and is therefore void.

Answered in the affirmative by the court.

The answers of the court were the errors complained of.

*Fuller, Ewing* and *Veech*, for plaintiff in error, referred to *Gibbs* v. *Neely*, 7 Watts, 308; *Haines* v. *O'Connor*, 10 Id. 320; *Foulk* v. *McFarlane*, 1 W. & S. 297; *Small* v. *Jones*, Ib. 136; *Gilbert* v. *Hoffman*, 2 W. 67; *McKennan* v. *Pry*, 6 Id. 138; *Brown* v. *Dysinger*, 1 R. 408; 4 Johns. 596; *Rush* v. *Barr*, 1 W. 121; *Turnpike Co.* v. *Fields*, 3 Mass. 207; *Irvine* v. *Kirkpatrick*, 1 Eng. L. & E. R. 24; *United States Bank* v. *Biddle*, 2 Pars. 3; *Ferris* v. *Henderson*, 2 Jones, 49; *Bicknell* v. *Gough*, 3 Atkyns, 558; 4 Bouv. Inst. 448; 2 Story's Eq. § 1521; 1 McLean, 164; 2 Dess. 215; *Cash* v. *Fozer*, 1 W. & S. 521–526; *Hunt* v. *Devling*, 8 Watts, 403, 405; Act of 6th March, 1820; 7 Smith's L. 255, 256; *Kimball* v. *Keyser*, 1 Barr, 183.

*Howell* and *Patterson*, for defendants in error, referred to *Walter* v. *Gernant*, 1 Har. 515; Story's Eq. §§ 197–199; *Porter* v. *McGinnis*, 6 W. & S. 502; *Kisler* v. *Kisler*, 2 W. 325; 8 S. & R. 484; 3 Id. 432; 9 Id. 448; 4 Cowen, 734, 742; 10 W. 313; 8 Id. 423; 5 Barr, 177; *Wilson* v. *Young*, 9 Id. 102; 14 S. & R. 309; 1 Penn. R. 267; *Warden & Alexander* v. *Eichbaum*, 2 H. 126; *Crawford* v. *Buger*, Ib. 384; 7 W. & S. 219; *Strimpfler* v. *Roberts*, 6 H. 283; 1 R. 373; 8 W. 491; 5 W. & S. 188; 5 Barr, 41; *Gast* v. *Porter*, 1 H. 533.

The opinion of the court was delivered December 15, 1853, by

KNOX, J.—The land for which this action of ejectment was brought, originally belonged to Alexander M'Lean, and was twice sold by the sheriff of Fayette county, as his property. The first sale was in 1824, and the second in 1843. The defendants claim title under the first, and the plaintiff under the second sale. The plaintiff alleges that the first sheriff's sale passed no title as against creditors, because Brown, the purchaser, in

[Hadden v. Clark et al.]

pursuance of an arrangement between himself and Col. M'Lean, or his sons, induced persons not to bid, by representing to them that he was purchasing for the benefit of the family, and thereby the property was sold at an under value.

The defence is : 1. That the plaintiff has no title.   His purchase being defective in this, that the attorney who waived the inquisition, had no power to do so, and that the *venditioni* was void, having been issued on the same day, and to the same term with the *fi. fa.*

2. It is denied that any representations were made by Brown at the sheriff's sale, when he purchased, that would affect its validity.

3. That the defendants are protected by the Statute of Limitations ; having been in actual possession more than twenty-one years before suit brought.

4. That if Brown was a trustee, he was entitled to retain possession until he was repaid the money which he has expended in obtaining the title ; and that this should have been done within a reasonable time.

Each of these positions taken by the defendants were affirmed by the Common Pleas, upon the trial of the cause ; and under the direction of the court, a verdict was rendered in their favor.

Let us first inquire as to the plaintiff's title, for if this is incurably defective, he has no right to question the defendants claim to it, good or bad.

On the 17th July, 1822, Jane Allen obtained a judgment in the Common Pleas of Fayette county, against Alexander M'Lean, with stay of execution for one year.   March 7, 1826, writing filed, by which defendant agrees that judgment is in full force, and that *fi. fa.* may issue at any time when ordered.   March 9, 1843, *scire facias* issued upon this judgment.   *M. Allen, administrator of Jane Allen, for use of A. Hadden*, v. *Joseph M'Lean, administrator of Alexander M'Lean, deceased.*   Same day, W. E. Austin appeared for administrators and heirs, and waives service of writ, and confesses judgment for $400, and waives inquisition and appraisement, and agrees that *venditioni exponas* may issue to sell, to next term.

*Fi. fa.*, No. 43, June Term, 1843, levied on land in dispute. *Venditioni exponas*, No. 44, June Term, 1843.   Sold, June 5th, 1843, to Armstrong Hadden, for $300.   Sheriff's deed to plaintiff, dated and acknowledged June 26, 1843.

There certainly was an irregularity in issuing a *fi. fa.* and *venditioni exponas* upon the same day, and to the same term. It is an innovation upon the general and regular practice, which would scarcely be allowed, if objected to, by any court in this Commonwealth.   If, however, no objection is made until after the sale takes place, the deed is acknowledged, and the money

[Hadden *v.* Clark et al.]

distributed, I can see no good reason for holding that the sale would be void.

Whether an attorney at law, by virtue of his general retainer, can waive the right of inquisition, is to say the least, very doubtful, and will be well worthy of consideration whenever it becomes necessary to decide the question. We give no opinion upon that point in this case, as it is clear that neither the attorney nor client, possessed the power to interfere with the execution of the writ, levied upon this land.

The 44th and 45th sections of the Act of 16th June, A. D. 1836, relating to executions, are as follows:—

"Whenever real estate shall be taken in execution as aforesaid, by any sheriff, it shall be his duty to summon an inquest, for the purpose of ascertaining whether the rents and profits of such estate, beyond all reprises, will be sufficient to satisfy within seven years, the judgment upon which said execution was issued, with the interest and costs of suit, and he shall make a return in due form of law of the inquisition so taken to the court, with the writ. Provided, that the defendant in any execution, being at the time of issuing thereof, the owner of such real estate, or the person owning such estate by title from him, may by writing filed in the proper court, dispense with and waive an inquisition, as aforesaid."

It is held, (8 Watts, 403,) that an administrator may waive an inquisition, but it must be where it could rightfully be done by the original defendant, if living. Suppose Col. M'Lean to have been in full life when this writ issued, could he have prevented the necessity of an inquisition upon the estate levied? Not unless he was the owner, and this cannot be pretended, for it is not, and cannot be denied that, as between him and Brown, the first sale was effectual to pass the title. Brown, by virtue of his purchase, at all events, had acquired as against the creditors, all the rights which M'Lean had; one of these existing rights, and of substance, was, that the estate should not be sold without an inquisition; and besides, the appraisement law was then in full force.

The waiving of the inquisition was of no more validity than it would have been if made by a stranger, and the sale was utterly void, and passed no title whatever.

From this it follows, that the plaintiff had no footing in court; no right to question the defendant's title; and it would be a work of supererogation for us to consider its alleged defects. We have neither time nor inclination for unnecessary labor.

Judgment affirmed.