# Kostenbader, Appellant, *v.* Kuebler.

*Judgment—Record—Collateral attack.*

The record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and has all the qualities of a judgment on a verdict; as such it cannot be contradicted or impeached in a collateral proceeding, such as an action of ejectment.

The plaintiff in an action of ejectment claimed title by virtue of a sheriff's sale had under proceedings on a confessed judgment which the record showed was entered April 27. The defendant's title was obtained by deed from the judgment debtor dated and delivered on the same day. At the trial the defendant was allowed to call the deputy prothonotary who made the record of the entry of the judgment, and to show by him that it was in fact made April 28, although the judgment note was delivered to him at his office on the 27th. The court gave to this testimony the effect of making the conveyance prior to the lien of the judgment, and directed a verdict for the defendant. *Held,* to be error.

Argued March 12, 1901. Appeal, No. 55, Jan. T., 1901, by plaintiff, from judgment of C. P. Northampton Co., Feb. T.,

1900, No. 57, on verdict for defendants in case of Charlotte Kostenbader v. William J. Kuebler, Charles E. Kuebler and Frank A. Kuebler. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Reversed.

Ejectment for the Star Hotel in the city of Easton. Before Schuyler, P. J.

At the trial it appeared that the plaintiff was a purchaser of real estate sold at a sheriff's sale under proceedings upon a confessed judgment, which the record showed had been entered on April 27. The defendant claimed under a deed from the judgment debtor dated and delivered on the same day.

When David W. Nevin, the deputy prothonotary, was on the stand, he was asked, this question:

" Q. As to whether this judgment was entered on record early on April 28, 1898, in the judgment index and not on April 27 ? "

Objected to as immaterial, incompetent and irrelevant, and cannot contradict the record of this court.

The Court: The objection is overruled and give the plaintiff a bill. [1]

" A. My recollection is that I indexed it early the next morning. Q. That is, on the morning of April 28? A. Yes, sir. Q. And it was not, according to your recollection, entered in the judgment index of the county before the morning of April 28? A. That is my recollection."

Witness looks at judgment index of Northampton county, list of judgments, letter U. Defendant, A. J. Uhler. Plaintiff, Herman Kostenbader, use of Charlotte Kostenbader, No. 322, March term, 1898. D. S. B. Dated April 27, 1898. Amount, $900.

" Q. Is that entry in your handwriting? A. Yes, sir. Q. Can you give us your best recollection as to whether or not that judgment was entered upon this docket on April 27 or April 28 ? "

Objected to for the same reason, immaterial and incompetent.

The Court: The objection is overruled and bill sealed for plaintiff. [2]

" A. My recollection is it was next morning. Q. That is, April 28? A. Yes, sir."

Plaintiff offered to prove by August Kostenbader that his father stated to Mr. Beidelman, who was attorney for Andrew J. Uhler, the purchaser of the property from Herman Kostenbader, that he had a judgment note against Andrew J. Uhler for $900. And also offered to prove by the witness that immediately after the property was transferred to Andrew J. Uhler he took the judgment note in suit and brought it to the office of the prothonotary at Easton, and that it was entered in the office of the prothonotary at 4:18, prior to the time which the defendant fixes as the date of the execution of the deed from Uhler to Kueblers.

Mr. Steele : This testimony is objected to as incompetent and irrelevant, unless it is followed up by proof that the judgment in suit referred to was entered upon the docket of the judgment index of the county prior to the time of the execution and delivery of the deed to Willibald Kuebler, and the recording of the same in the office of the recorder of deeds of Northampton county.

Mr. Stewart : And that the prothonotary at that time gave him a certificate that the judgment had been entered of record on April 27, 1898, and that the records of this court show that the judgment was entered on that date, these records being both the judgment index and the continuance docket.

Mr. Steele : I renew my objection.

Mr. Stewart : To which plaintiff replies that the evidence in the case showing conclusively that Willibald Kuebler had purchased the property from Andrew J. Uhler without any knowledge of what the record of this judgment discloses, he is not a purchaser of the property within the provisions of the act of April 22, 1856.

The Court : The objection is sustained and bill sealed for plaintiff. [3]

The court gave binding instructions for defendant.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4) in giving binding instructions for defendant.

*Russell C. Stewart*, with him *W. C. Glace* and *P. C. Evans*, for appellant.—A record of a court imports absolute verity and

cannot be contradicted: Hoffman v. Coster, 2 Wharton, 453; Adams v. Betz, 1 Watts, 425.

*H. J. Steele*, with him *William Beidelman*, for appellee.—It is always the duty of the plaintiff to see that his judgment is correctly entered on the index: Hutchinson's App., 92 Pa. 186.

When judgments bear the same date, they must necessarily come in together; but between a judgment and a conveyance actual priority must be shown like any other fact: Ladley v. Creighton, 70 Pa. 490; Patterson's App., 96 Pa. 93.

OPINION BY MR. JUSTICE FELL, April 22, 1901:

The plaintiff in an action of ejectment claimed title by virtue of a sheriff's sale had under proceedings on a confessed judgment which the record showed was entered April 27. The defendant's title was obtained by deed from the judgment debtor dated and delivered on the same day. At the trial the defendant was allowed to call the deputy prothonotary who made the record of the entry of the judgment, and to show by him that it was in fact made April 28, although the judgment note was delivered to him at his office on the 27th. The court gave to this testimony the effect of making the conveyance prior to the lien of the judgment, and directed a verdict for the defendant.

The record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict: Braddee v. Brownfield, 4 Watts, 474; St. Bartholomew's Church v. Wood, 61 Pa. 96; Hageman v. Salisberry, 74 Pa. 280. It imports absolute verity. The policy of the law will not permit the record of a court to be contradicted or impeached in a collateral proceeding. This principle is of almost universal application, and is too firmly established to admit of question: Adams v. Betz, 1 Watts, 425; Hoffman v. Coster, 2 Wharton, 453; Morris v. Galbraith, 8 Watts, 166; McMicken v. Commonwealth, 58 Pa. 213. In the case last cited it was said by SHARSWOOD, J.: "The highest considerations of public policy require that the officer himself, to whom the law has entrusted the performance of a public duty and of the fulfilment of which a record has been made, should not be permitted to open his

mouth to impeach it, and thus to admit himself guilty of official misconduct or of crime."

A number of other questions are suggested by the record of the case, but they are not raised by the assignments of error and are not before us. What we now decide is that the record of the entry of the judgment of April 27 was conclusive on all parties at the trial.

The judgment is reversed with a venire facias de novo.