## Miller v. Desher.

*George T. Hambright* and *John E. Malone*, for rule.

*S. V. Hosterman*, contra.

LANDIS, P. J., Sept. 29, 1928.—On Aug. 6, 1928, the defendant presented his petition, setting forth that, on Aug. 1, 1928, the plaintiff caused to be entered against him a judgment for the sum of $40 on a warrant of attorney contained in a lease dated Jan. 6, 1928; that the plaintiff made an affidavit as to the correctness of said lease. The lease and affidavit were duly filed in the prothonotary's office. On Aug. 1, 1928, a writ of *fi. fa.* was issued on said judgment, and in pursuance thereof the defendant's household goods were levied upon and offered for sale. The warrant of attorney contained in the lease read as follows: "And for the further securing of said rent, the said lessee hereby authorize and empower any attorney of any court of record of Pennsylvania or elsewhere to appear for and to enter judgment against me for the entire rent reserved for the whole of said term, with or without declaration, with costs of suit, release of errors, without stay of execution, and with ten per cent. added for collecting fees. . . ." It is claimed that the judgment was irregularly entered, in that there was no appearance entered for the defendant and there was no formal confession of judgment entered on the lease.

By the Act of Feb. 24, 1806, § 28, P. L. 334, it was enacted "that it shall be the duty of the prothonotary of any court of record within this Commonwealth, on the application of any person being the original holder . . . of a note, bond or other instrument of writing in which judgment is confessed, or containing a warrant for an attorney-at-law or other person to confess judgment, to enter judgment against the person or persons who executed the same for the amount which from the face of the instrument may appear to be due, without the agency of an attorney or declaration filed . . . particularly entering on his docket the date and tenor of the instrument or writing on which the judgment may be founded, which shall have the same force and effect as if a

declaration had been filed and judgment confessed by an attorney or judgment obtained in open court and in term time. . . ."

In Helvete v. Rapp, 7 S. & R. 306, it was held that under this act an entry by the prothonotary on his docket that a judgment bond had been filed of record, with the particulars and the date of entry, was a good entry of judgment; and in St. Bartholomew's Church v. Wood, 61 Pa. 96, it was said that "a judgment entered by the prothonotary under a power contained in the instrument is a judicial act, and, by the words of the Act of 1806, has the same force and effect as a judgment confessed by an attorney or given in open court in term time." See, also, Kostenbader v. Kuebler, 199 Pa. 246; Cooper v. Shaver, 101 Pa. 547.

The entry of judgment for $40, being the amount of rent due to the plaintiff, instead of for $560, the whole amount of the rent reserved by the lease, cannot affect the defendant's rights. The plaintiff could not collect more than was due him under the lease, and if he had attempted to do so, he would have been met with an objection to his claim on that account. It is a rather curious defense that the plaintiff is not asking enough.

We are of the opinion that this rule should be discharged.

Rule discharged. From George Ross Eshleman, Lancaster, Pa.