**STRICK CORPORATION, Appellant,**

v.

**WESTERN TRAILER SERVICE, INC., Respondent.**

**No. WD 41077.**

Missouri Court of Appeals, Western District.

March 7, 1989.

F. Coulter deVries, Daniel R. Jones, Kansas City, for appellant.

Juliann W. Graves, James M. Tobin, Kansas City, for respondent.

Before KENNEDY, C.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Strick Corporation, plaintiff-appellant, filed a petition for registration of a foreign judgment by confession against Western Trailer Service, Inc. on April 28, 1987. The trial court rendered its judgment on the pleadings and motions on June 7, 1988, denying Strick registration of the foreign judgment. In its Memorandum and Judgment, the trial court indicated that the pleading certified to by the Clerk of the Court of Common Pleas of Bucks County, Pennsylvania revealed no document that may be considered a judgment of the court. We reverse and remand.

A judgment by confession with a cognovit clause rendered in a sister state, if valid there, "stands on the same footing as other judgments so far as being entitled to full faith and credit" in Missouri. *Metropolitan Lumber Company v. Dodge*, 567 S.W.2d 729, 731 (Mo.App.1978); § 511.760,

RSMo 1986 (Uniform Enforcement of Foreign Judgments Act). *Headlee v. Cain,* 250 S.W. 611, 612 (Mo.App.1923). In the case at bar, a confessed judgment on a cognovit clause is valid in Pennsylvania. Pa.R.C.P. 2951 *et seq.; Swarb v. Lennox,* 314 F.Supp. 1091 (E.D.Pa.1970), *aff'd* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).

The procedure for registering a foreign judgment is set forth in Rule 74.14(a), which defines a foreign judgment as "any judgment, decree or order of a court of the United States or of any other court that is entitled to full faith and credit." Subsection c of Rule 74.14 states that "[a] copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state." The trial court determined that no such judgment had been presented for registration. We disagree.

The judgment that must be filed with the petition for registration is the judgment from the state in which it was rendered. *See Metropolitan Lumber,* 567 S.W.2d at 731. Pennsylvania Civil Rules 2951 *et seq.* govern the procedure for obtaining a judgment by confession on cognovit instruments in Pennsylvania courts. Rule 2956 particularly provides that "the prothonotary [of the court] shall enter judgment in conformity with the confession" on instruments authorizing such confession. This is the exact procedure utilized in the case at bar. The original of the exemplified page is the document constituting the judgment and the page itself is the prothonotary's judgment entry. This is the physical procedure utilized by prothonotaries in Pennsylvania.

The Pennsylvania judgment was entered on the same day as the filing of the confession documents with the prothonotary as indicated on the Exemplification of Docket Entries. The entry states the "Eodie (sic) Judgment entered in the sum of $32,-170.50." "Eo die" is defined as "On that day; on the same day." *Black's Law Dictionary,* 480 (5th ed. 1979).

The issue of the adequacy of the judgment documents is also answered by reference to Pennsylvania law. The applicable law was stated by Pennsylvania Supreme Court in *Kostenbader v. Kuebler,* 199 Pa. 246, 48 A. 972 (1901):

The record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict: *Braddee v. Brownfield,* 4 Watts, 474; *St. Bartholomew's Church v. Wood,* 61 Pa. 96; *Hageman v. Salisberry,* 74 Pa. 280. It imports absolute verity. The policy of the law will not permit the record of a court to be contradicted or impeached in a collateral proceeding. This principle is of almost universal application, and is too firmly established to admit of question.

As a further indication of the entry of judgment by the Bucks County Court prothonotary, the terms on the page of exemplification state that a notice was mailed to Western Trailer in accordance with Pa.R.C.P. 236. This Pennsylvania procedural rule requires the mailing of a notice of entry of judgment to a defendant, subsequent to the entry of judgment, which was noted on the authenticated docket sheet as having been done, and is further proof that a judgment was entered against Western Trailer as recited on the docket page.

A judgment in accordance with Pennsylvania law was filed with Strick's petition for registration. Additionally, the procedural requirements to obtain a judgment by confession were met under Pennsylvania law. Therefore, Strick should have been allowed to register its foreign judgment which is entitled to full faith and credit in Missouri.

We reverse and remand the judgment of the trial court in accordance with this opinion.

All concur.