## HARTZ *v.* WOODS.

8  471<br>186  593

Where there is evidence that a bond was deposited with A., he must be called to prove its loss, or that he could not find it, before evidence of its contents can be given.

The mortgagor having confessed judgment on a *sci. fa.*, is not a competent witness for the plaintiff in a *sci. fa.* on the mortgage against a *terre tenant.*

A sheriff's sale under a judgment confessed for the interest accruing on a bond secured by mortgage, discharges the lien of the mortgage, although the defendant had previously to the judgment aliened the land, for it relates back to the date of the mortgage: and this, though the mortgage is conditioned for the payment of the amount mentioned in the bond, and there is no express stipulation with respect to the interest in the mortgage.

In error from the Common Pleas of Dauphin county.

The material facts of the case were these: A *sci. fa.* issued on a mortgage by George Hassinger, reciting that he was bound to Woods in behalf of Landis and Susannah his wife, conditioned to pay 166*l.*, as by the obligation would appear ; and the defeasance was conditioned that he should pay the said sum of 166*l.* on the day and time thereinbefore mentioned, according to the condition of the bond. There was nothing to show when the money was payable, nor any stipulation in the mortgage with respect to interest.

The bond was lost, and it was proved to have been conditioned for the payment of interest during the life of Susannah Landis, and of the principal one year after her death.

The mortgagor confessed judgment on the *sci. fa.*, and defence was taken by the *terre tenant.*

The *terre tenant* set up a discharge of the mortgage by a judgment confessed by the mortgagor in 1823, before a justice, and there was evidence it was confessed for the interest due on the bond secured by the above-mentioned mortgage. In 1824, a transcript was taken to the Common Pleas, and a sheriff's sale made of the land to one from whom defendant (the *terre tenant*) had title.

The plaintiff gave evidence that George Hassinger conveyed the land to Singer and Weisse, by deed recorded in 1817, and they

continued in possession until the sheriff's sale in 1824; and they offered to prove (but the court rejected the evidence) that at that sale, by a parol agreement, the land was sold, subject to the mortgage.

Two questions were made on the admission of evidence : 1. The plaintiff called Hassinger, the mortgagor, as a witness. 2. The proof of the contents of the lost bond. It was in evidence, that the plaintiff's papers had been left with Bowes (at one time the owner of the land), and the mortgage was there found, but a search for the bond was ineffectual. But the plaintiff did not call Bowes, and on this ground defendant objected to the secondary evidence.

*Fleming* and *McClure*, for plaintiffs in error.

*Fisher*, contrà.

*July* 8. COULTER, J.—George Hassinger was not a competent witness, being directly interested in the event of the suit. His admission was therefore an error. The loss of the bond was not sufficiently proved, nor was search made in all the places where it might have been found, nor all the persons brought to testify who might have had possession of it, in order to lay the ground for parol evidence of its contents. The parol evidence therefore on that subject was improperly admitted. The other bills of exception to evidence are not sustained.

The sale on the judgment extinguished all liens prior to the judgment on which it was sold, existing against the same title that was sold; of course, if the judgment on which it was sold was a lien on Hassinger's title, it would extinguish the mortgage; and no condition or qualification made or annexed by the sheriff at the time of the sale, could alter or affect this rule, the sale being made prior to the act of Assembly of 6th April, 1830.

Whether Singer had acquired title, and was in possession before the rendition of the judgment, was a question of fact, and as such was properly enough left to the jury. But its principal effect would depend upon the fact whether the debt upon which the land was sold, was a debt secured by the mortgage or not. If the debt on which the land was sold was also a debt secured by the mortgage, then it was a matter of no consequence when Hassinger sold to Singer, because the lien of the judgment would run back to the lien of the mortgage; and of course carry the land with the sale, free from the lien of the mortgage. There was error in the charge of the court, and also in the admission of evidence.

Judgment reversed, and a *venire de novo* awarded.