## Gardner *versus* Sisk.

1. A sale of land under a fi. fa., without inquisition or waiver of inquisition, is wholly unauthorized.

2. A void sale is not confirmed by a distribution of its proceeds amongst the judgment-creditors of the debtor.

3. Crowell *v.* Meconkey, 5 Barr 168, Mitchell *v.* Freedley, 10 Id. 198, Spragg *v.* Shriver, 1 Casey 284, commented on.

March 1867. Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ. READ, J., sick.

Error to the Court of Common Pleas of *Wyoming county*.

This was an action of ejectment, brought to April Term 1866, by Michael Sisk against William O. Gardner.

Sisk was the owner of the premises in question on the 27th of August 1860, when Henry Tindale recovered a judgment against him for about $100. On the 9th of May 1862 an alias fi. fa. was issued on this judgment, on which the land was levied on. On the 7th of August 1862 Sisk was sworn into the service of the United States as a soldier, and was mustered in on the 14th or 15th of the same month. The sheriff returned to the alias fi. fa.: "Sold August 16th 1862 for $700, to Andrew Gordonier." The sheriff's deed was acknowledged August 21st. The proceeds of sale were distributed upon an auditor's report in payment of the liens against Sisk. After several conveyances the land passed to Gardner, the defendant, on the 27th of July 1863.

On the trial before Elwell, P. J., the defendant offered to prove that the plaintiff knew before he enlisted that his property was about to be sold by the sheriff; also what Mrs. Sisk said about

[Gardner v. Sisk.]

Gordonier having offered to convey to her. Both offers were rejected and exceptions noted.

In his charge the judge said " that the Act of April 18th 1861, prohibiting process against a soldier, is equivalent to a contract between the soldier and the government, which the courts are bound to see executed. It is imperative in its terms. A sale made contrary to its express provisions is void." Also, " the defendant therefore stands upon no higher ground than did Gordonier, the purchaser."

There was a verdict for the plaintiff. The rulings as to evidence and the above cited portions of the charge were assigned for error.

*Chamberlain*, for the plaintiff in error, cited Spragg v. Shriver, 1 Casey 284; Shields v. Miltenberger, 2 Harris 78–9; McFee v. Harris, 1 Casey 102; Elliott v. McGowan, 10 Harris 201–2; Foster v. Gray, 10 Id. 14; Gibson v. Winslow, 2 Wright 54.

*A. Hand* and *B. S. Bentley*, for defendant in error, cited Baird v. Lent, 8 Watts 422; Spragg v. Shriver, 1 Casey 282; Shields v. Miltenberger, 2 Harris. 78–9; McFee v. Harris, 1 Casey 102; Elliott v. McGowan, 10 Harris 201–2; Acts of April 18th 1861, § 4, Purd. 735, pl. 167, Pamph L. 409; April 2d 1822, § 66, pl. 166, 7 Sm. L. 643.

The opinion of the court was delivered, March 18th 1867, by

STRONG, J.—Were we of opinion that all the assignments of error are sustained, what could it avail the party who has sued out the writ? Let it be, as he argues, that the court gave a wrong construction to the Act of April 18th 1861, it is still true that he cannot hold possession of the lot against Sisk, the plaintiff below, unless the sheriff's sale, professedly made under the judgment of Tindale v. Sisk, was effective to divest the title of the debtor. Gardner has no right except through that sale. And the record, as exhibited to us, shows nothing more than a sale under a fi. fa. without inquisition, and without waiver of inquisition. Such a sale was wholly unauthorized. The writ of fi. fa. conferred upon the sheriff no power to make it. The Act of June 16th 1836 does indeed prescribe that when the defendant in any execution, being at the time of issuing thereof the owner of real estate, shall in writing, filed in the proper court, dispense with and waive an inquisition, the sheriff may proceed to sell upon the writ of fi. fa. without any other writ. But it is only in such a case where there has been such a waiver that a sheriff derives power from a fi. fa. to sell such real estate as this now in controversy. Accordingly it was decided in Baird v. Lent, 8 Watts 422, that a sale on a fi. fa., where there has been neither an inquisition nor a waiver of it, is absolutely void. To the same effect is Shoemaker v. Ballard, 3

[Gardner *v.* Sisk.]

Harris 94, and such a sale is not cured by the acknowledgment of a sheriff's deed. It is true that in Spragg *v.* Shriver, 1 Casey 284, where a sale had been made under a writ of venditioni exponas without inquisition upon the land sold, and the proceeds of sale had been applied to the defendant's debts, and he had surrendered the possession to the purchasers, it was held the sale was good. But on the execution-docket there was an entry: " Inquisition waived with a reference to another execution." Besides, the sale was by virtue of a vend. exp., not a fi. fa. This is very far from a determination that a sale under a writ of fi. fa. is good without any waiver of an inquisition written and filed in the proper office. An award of a vend. exp. may perhaps be treated as an adjudication that everything essential to such an award had been done, for the writ is an order to sell, but there is no such adjudication where a sale is made under a fi. fa. It must therefore be, that the sale to Gordonier, under whom the plaintiff in error claims, was entirely void, and if so, it was not made good by the fact that its proceeds were distributed among the creditors of Sisk. That furnishes no basis for an estoppel against him. It was not in his power to prevent such a distribution, and he cannot therefore be prejudiced by it. Notwithstanding some *obiter dicta*, in Mitchell *v.* Freedley, 10 Barr 198, and Crowell *v.* McConkey, 5 Id. 168, it is not the law that a void sale is confirmed by a distribution of its proceeds among the judgment-creditors of the debtor whose land has been thus sold, and neither those cases nor Spragg *v.* Shriver decide any such thing. Gardner, therefore, acquired no title by the sale of the sheriff under the writ of fi. fa. Of course he could transmit no title to the plaintiff in error; and whether the court was right or wrong in the instruction they gave respecting the Act of April 18th 1861, the plaintiff below was entitled to recover. There can be no reason, then, for reversing the judgment.

Judgment affirmed.