## Neil *versus* Colwell.

1. A judgment was entered in Jefferson April 1860, a test. fi. fa. issued to
Indiana May 1863, and was entered in the prothonotary's office there; the test.
fi. fa. was a lien on the defendant's land in Indiana for five years from the
time of the entry there.

2. Defendant's land was sold under a test. vend. ex. in December 1865;
the judgment was in full force in Indiana when the land was sold.

3. A vend. ex. is not a process distinct from the fi. fa., but is a part of it.

4. Woods *v*. Colwell, 10 Casey 92, remarked on.

October 20th 1870. Before THOMPSON, C. J., READ, AGNEW,
SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Jefferson county* : Of
October and November Term 1869, No. 5.

On the 16th of April 1860, Alexander Colwell obtained judg-
ment in the Court of Common Pleas of Jefferson county against
Thomas N. Neil for $1689.62. After a fi. fa. and sale of the defend-
ant's property in Jefferson county, the plaintiff, on the 8th of May
1863, issued a testatum fi. fa. to Indiana county, which was entered
of record there on the 11th of June 1863, and the sheriff levied on
the real estate of defendant in that county; the land was condemned
June 24th 1863, and the inquisition approved May 11th 1865.    A
testatum vend. ex. was issued May 13th to the same county, which
was filed of record there June 5th 1865.    On the 26th of August,
one of the associate judges of Indiana county " enjoined the writ;"
the injunction was dissolved September 16th.    On the 23d of Sep-
tember, an alias testatum vend. ex. was issued to Indiana county,
under which the·defendant's land was sold on the 8th of Decem-
ber 1865 to John A. Colwell and James E. Brown.    On the 16th of
February 1866, the defendant obtained a rule to show cause why
the alias testatum vend. ex. and all the proceedings on it should
not be set aside, on the ground that before it issued, the lien of
the judgment of the 16th of April 1860 in Jefferson county had
expired.    The rule was discharged September 14th 1867.

[Neil *v.* Colwell.]

Discharging the rule was assigned for error, the defendant having removed the proceedings to the Supreme Court.

*H. White, H. W. Weir* and *Stewart & Clark,* for plaintiff in error.—Nothing but reviving a judgment or issuing a scire facias, will continue its lien: Davis *v.* Ehrman, 8 Harris 258; Wood *v.* Colwell, 10 Casey 92; Chahoon *v.* Hollenbach, 16 S. & R. 436; Bell *v.* Ingram, 2 Barr 491; Ebright *v.* Bank, 1 Watts 397.

*Gordon & Brother,* for defendant in error.—The fi. fa. was issued during the life of the judgment, the vend. ex. being part of it was in time: Riland *v.* Eckert, 11 Harris 215; Christman *v.* Evans, 13 S. & R. 14; Shaw *v.* Richards, 2 Miles 103; Lewis *v.* Smith, 2 S. & R. 142; Cowden *v.* Brady, 8 Id. 505.

The opinion of the court was delivered, January 3d 1871, by

READ, J.—Judgment was entered in the Common Pleas of Jefferson county, in a scire facias sur recognisance, in favor of Alexander Colwell, against Thomas N. Neil, on the 16th April 1860, for $1689.62. On this judgment on the 25th May 1860, a fi. fa. was issued to September Term 1860, on which real estate was levied, inquisition waived and property sold to J. C. Kennedy for the sum of $90. On the 8th May 1863 a testatum fi. fa. to September 1863, was issued to the sheriff of Indiana county, who delivered the same to the prothonotary of Indiana county, who forthwith entered the same of record, on the proper dockets, and thereupon re-delivered the said writs to the said sheriff, to be by him executed. The said testatum writ of fieri facias became a lien upon the real estate of the defendant during five years from the date of such entry. By virtue of this writ the sheriff levied upon the interest of defendant, in a certain tract of land in Indiana county, upon which inquisition was held and property condemned.

A testatum venditioni exponas to September 1865 was issued to the sheriff of Indiana county, which was stayed by an injunction issued by an associate judge of Jefferson county, which was dissolved on the 15th September 1865, and an alias venditioni was issued on the 23d of the same month to the said sheriff, who sold on the 8th December 1865, the land levied on to John A. Colwell and James E. Brown for $500: on the 15th February 1866; a rule was granted to show cause why this writ, and all proceedings under it, should not be set aside, which on the 15th September 1867 was discharged by the court.

The present writ of error is to this last action of the court, and the error assigned is the discharge of the rule by the court.

During all the proceedings under the testatum fi. fa., and the several writs of venditioni exponas issued under it, the testatum

[Neil *v*. Colwell.]

fi. fa. was a lien on all the lands of the defendant in Indiana county, and the original judgment was in full force when the property was levied upon, and condemned in Indiana county. · When the alias testatum vend. exp. was issued and executed, the lien was in full force and vigor in Indiana county, and the parties to the original proceedings and judgments were in full life, and the case of Wood's Executors *v*. Colwell, 10 Casey 92, has therefore no application to the present question.

" The venditioni is not a process distinct from the fi. fa., but a part of it:" Hughes *v*. Rees, 4 Meeson & Welsby 468 : and refers back to the fi. fa., which is conceded to be entirely regular.

The court were therefore right in discharging the rule.

Judgment affirmed.