## Hope *versus* Everhart.

70   231|
145  306|

1. A sale on fi. fa. under a waiver to which the defendant had not capacity to assent, is invalid, if the purchaser be aware of his incapacity.

2. The Act of February 24th 1806, sect. 28, gives the prothonotary under a warrant of attorney no authority to do anything more than enter judgment for the amount which may appear due on the instrument and the stay mentioned in it.

3. An obligation was executed with warrant of attorney to confess judgment "waiving inquisition," &c., which was noted on the docket with the judgment. *Held*, that the waiver was no part of the judgment.

4. The waiver is binding on the defendant, if capable of executing it, but is no part of the warrant, it is the act of the defendant and not the sentence of the law.

5. After a sale on fi. fa. under the waiver, the defendant was found to be a lunatic, his lunacy antedating the execution of the warrant and waiver. If the purchaser knew that the defendant had not capacity to assent to a waiver, he took no title by his purchase.

6. Titles under judicial sales made under legal forms, should not be set aside except on clear proof of such facts as should avoid the sale.

7. Sect. 28, Act February 24th 1806, considered and construed.

November — 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Mercer county :* Of October and November Term 1871, No. 212.

This was an action of ejectment for 50 acres of land, brought September 6th 1870, by Richard Hope, a lunatic, by his committee, against A. F. Everhart.

The case was tried, May 22d 1871, before Trunkey, P. J. It being admitted that the plaintiff had been the owner of the premises for a long time before May 8th 1863, the plaintiff rested.

The defendant then offered in evidence the record of a judgment, John Hamilton *v.* Richard Hope, viz.:—

"By virtue of a writing obligatory under seal, dated August 12th 1862, due one day after date, with warrant of attorney annexed, I hereby enter judgment in favor of John Hamilton, plaintiff, and against Richard Hope, defendant, for the sum of seventy-six dollars, with costs of suit and costs of attorney's commission, and release of all errors, waiving the right of inquisition and benefit of exemption laws, &c.

"Filed May 8th 1863.

"W. WAUGH, Prothonotary."

The note on which judgment was entered is as follows:—

"No. 31.   $76.          Greenfield, August 12th 1862.

"One day after date I promise to pay to the order of John Hamilton seventy-six dollars without defalcation, value received from ——

"And I do hereby empower any attorney, of any court of

record within the United States or elsewhere, to appear for me and confess judgment against me, as of any term, for above sum, with costs of suit and costs of attorney's commission, and release of all errors; hereby waiving inquisition, and agreeing to the condemnation of any property that may be levied upon by any execution which may issue forthwith on failure to comply with the conditions hereof; also hereby waiving the benefit of the exemption laws, or any Acts of Assembly relative to executions now in force or hereafter to be passed.

" Witness, &c.                    " RICHARD HOPE. [L. S.]

The defendant then offered in evidence the fi. fa. on the foregoing judgment, issued March 25th 1868, to April Term 1868, the sheriff's levy on the premises in controversy, and return of sheriff attached to the writ that he had sold the premises on the 20th of April 1868 to the defendant for $565, with the sheriff's deed acknowledged April 23d 1868. The offer was objected to by the plaintiff, admitted by the court, and a bill of exceptions sealed.

The evidence was then read, and the defendant rested.

For the plaintiff in rebuttal was offered the record of proceedings in lunacy against him, commenced June 22d 1868. The inquisition, which was confirmed August 20th 1868, found that the plaintiff was a lunatic, and had been for twenty years without lucid intervals, and during the time owned the premises in controversy, which were worth $2500, and personal property worth $200, &c.

The inquest certified, " that A. F. Everhart and J. W. Hillier, purchasers at private and sheriff's sale of the real estate of the said Richard Hope, appeared before us in person and by their attorneys, and asked to be heard in defence of the legal capacity of the alleged lunatic, and were so heard."

The offer was rejected by the court and a bill of exceptions sealed.

The verdict was for the defendant.

The plaintiff took out a writ of error.

He assigned for error the rulings of the court on the respective offers of evidence.


*McDermitt* and *Stranahan*, for plaintiff in error.—Sales of land on a fi. fa. are out of the usual course, and should conform more strictly to the statutory rule than if on a vend. exp.: Kelly *v.* Creen, 3 P. F. Smith 304. Prothonotary is authorized to enter judgment under a warrant to confess, nothing more: Act of February 24th 1806, § 28, 4 Sm. L. 278; 1 Bright. Purd. 825, pl. 32. Sale on fi. fa., without waiver of execution is void: St. Bartholomew's Ch. *v.* Wood, 11 P. F. Smith 102. A warrant of

[Hope v. Everhart.]

attorney by one not *sui juris* to confess judgment is void: Knox v. Flack, 10 Harris 337; Caldwell v. Walters, 6 Id. 79. One causing an entry to be made on an insane man's warrant is guilty of fraud: Banning v. Taylor, 12 Harris 293; Campbell v. Kent, 3 Penna. R. 72; Thompson v. Leach, 3 Mod. 310. One guilty of fraud in purchasing takes no title: Hoffman v. Strohecker, 7 Watts 86. Parties by contract can give no other effect to judgments and executions than that which the law attributes to them: Kneeble v. Newcomb, 8 E. Smith (N. Y.) 251.

*J. H. Robinson* and *W. Stewart*, for defendant in error.— The plea of lunacy to the original judgment will not avail against a scire facias on it: Henry v. Brothers, 12 Wright 70.

The opinion of the court was delivered, January 9th 1872, by

WILLIAMS, J.—This case turns on the question whether the waiver of inquisition was a part of the judgment on which the land in controversy was sold. If it was, then the defendant, though a lunatic, was bound by it, and the plaintiffs, who are his committee, cannot question its validity in this action. But if it was no part of the judgment, the defendant, if he was so destitute of reason and understanding as to be incapable of assenting to it, was not bound by it, and the plaintiffs are not estopped from denying the validity of the purchaser's title under it. A sale on a fi. fa. without waiver of inquisition is without authority and void: St. Bartholomew's Church v. Wood, 11 P. F. Smith 96; and if so, a sale under a waiver to which the defendant was incapable of assenting, ought not to be regarded as valid if the purchaser was aware of his incapacity.

The act under which the judgment was entered provides that it shall be the duty of the prothonotary of any court of record, within the Commonwealth, on the application of any person being the original holder, or assignee of such holder, of a note, bond or other instrument of writing in which judgment is confessed, or containing a warrant for an attorney at law, or other person, to confess judgment, to enter judgment against the person or persons who executed the same, for the amount, which from the face of the instrument may appear to be due, without the agency of an attorney or declaration filed, with such stay of execution as may be therein mentioned, * * * particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be founded, which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open court and in term time.

The act, it will be seen, authorizes the prothonotary to enter judgment for the amount which, from the face of the instrument,

[Hope *v.* Everhart.]

may appear to be due, with such stay of execution as may be therein mentioned; but it gives no authority to include anything else in the judgment. The direction particularly to enter on his docket the date and tenor of the instrument of writing on which the judgment may be founded, was not intended to enlarge the authority previously given, but to individuate and identify the instrument on which the judgment may be entered. He is not required to enter on his docket an exact copy of the transcript of the instrument; it is sufficient if he sets out its substance and import: Commonwealth *v.* Conard, 1 Rawle 252. The judgment is in strict conformity with the provisions of the act and the terms of the instrument on which it is entered. The docket-entry, after stating the names of the parties, is as follows: By virtue of a writing obligatory under seal, dated August 12th 1862, due one day after date, with warrant of attorney annexed, I hereby enter judgment in favor of John Hamilton, plaintiff, and against Rich‑ard Hope, defendant, for the sum of $76, with costs of suit and costs of attorney's commissions and release of all errors, waiving the right of inquisition and benefit of exemption laws, &c.

The judgment is for the amount of the note, with costs of suit and costs of attorney's commissions and release of all errors as authorized by the warrant of attorney; and the date and tenor or substance of the instrument are entered in due form on the docket. The phrase—"waiving the right of inquisition and benefit of ex‑emption laws, &c.," is predicated not of the prothonotary, but of the defendant, and constitutes no part of the judgment. It was not intended as the language and act of the prothonotary, but as descriptive of the tenor of the defendant's waiver as contained in the instrument on which the judgment was entered. If it was intended as a part of the judgment, then it was not author‑ized by the Act of Assembly or by the warrant of attorney, and must be regarded as void for want of authority. The warrant of attorney contains no delegation of authority to waive inquisition or to make the waiver any part of the judgment authorized to be confessed. The waiver of inquisition is the defendant's own act and was clearly intended to be, and is no more a part of the warrant to confess judgment than if it had been written below it and separately signed. It is binding on the defendant if he was capable of executing it, but it is no part of the warrant of attorney or of the judgment entered in pursuance of it. Where stay of execution is provided for, it is properly a part of the judgment—otherwise execution thereon might be issued forthwith. But waiver of inquisition is not properly a part of the judgment. It is the act of the defendant, and not the sentence of the law as pro‑nounced by the court. It does not operate on the judgment or modify its character. Its whole effect is to modify the proceedings under the execution, and to dispense with inquisition and condem-

[Hope *v.* Everhart.]

nation where real estate is taken in execution to satisfy the judgment. If then, the defendant was incapable of executing a valid waiver, and if, as offered to be shown, the purchaser was aware of his incapacity, the plaintiffs were not estopped by the judgment from denying the validity of his title, and the evidence offered by them for the purpose of establishing these facts should have been received. The record of the inquisition and proceedings under the commission in lunacy, finding that he had been a lunatic without lucid intervals for about twenty years, was primâ facie evidence of his incapacity to execute the waiver of inquisition under which his property was sold, and ought to have been admitted: Hutchinson *v.* Sandt, 4 Rawle 234; Rogers *v.* Walker, 6 Barr 371; Willis *v.* Willis's Administrator, 2 Jones 159; In re Gangwere's estate, 2 Harris 417. The purchaser knew, or ought to have known, that a sale on the fi. fa. without waiver of inquisition would convey no title; and if he knew that the defendant was so destitute of understanding as to be incapable of assenting to a waiver, it was his own folly to purchase on the faith of it. But the facts offered to be shown should be clearly established by the evidence before his title is declared void. Where all the forms of law have been observed in making judicial sales, titles should not be set aside except on clear proof of such facts as should avoid the sale.

Judgment reversed, and a *venire facias de novo* awarded.

AGNEW, J., dissented.