# Clough *v.* Welsh, Appellant.

*Ejectment—Common source of title—Evidence.*

1. In ejectment when both parties claim title under a common source, it is unnecessary to make proof of title beyond that source; nor can either party attack such source of title.

*Judgment—Lien—Forest county—Act of May 20, 1857, P. L. 612.*

2. A judgment entered in Jefferson county on November 17, 1857, became a lien on land in that part of the county which was separately organized for judicial purposes as Forest county on December 21, 1857, although the act authorizing such organization was passed on May 20, 1857.

*Sheriff's sale—Sheriff's deed—Irregularities—Curing defects.*

3. Irregularities in the issuance of the writ of fieri facias and venditioni exponas or in the sheriff's return to the former are cured by the acknowledgment of the sheriff's deed in open court.

*Tax sales—Seated land—Unseated land.*

4. Where the plaintiff in an ejectment relies upon a tax title, and the defendant seeks to avoid such title by showing that the lands were seated at the time of the assessment of the taxes, the latter must not only show that the lands were seated, but he must also show affirmatively that at the time of the assessment there was sufficient personal property on the premises liable to seizure to pay all the taxes assessed thereon.

Argued Oct. 5, 1910. Appeal, No. 28, Oct. T., 1910, by defendant, from judgment of C. P. Forest Co., Feb. T., 1908, No. 7, on verdict for plaintiff in case of L. S. Clough v. James C. Welsh. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in Howe township. Before Bou-TON, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–32) various rulings on evidence and instructions.

*Frank J. Thomas,* with him *Albert L. Thomas,* for appellant.—The authority of the treasurer to make sale of lands, either seated or unseated, is derived wholly from statute and must under all circumstances be strictly adhered to: Smith v. McGrew, 4 W. & S. 338; Simpson v. Meyers, 197 Pa. 522; Shearer v. Woodburn, 10 Pa. 511; Miller v. McCullough, 104 Pa. 624; Kean v. Kinnear, 171 Pa. 639.

Evidence that the tax for which the land was sold was due and unpaid for one whole year at the date of the sale by the treasurer was a necessary prerequisite to the validity of the treasurer's sale and the omission of appellant to show this was a fatal defect in this link of his chain of title: Laird v. Hiester, 24 Pa. 452; McReynolds v. Longenberger, 57 Pa. 13; Hubley v. Keyser, 2 P. & W. 496; Greenough v. Fulton Coal Co., 74 Pa. 486.

The plaintiff was bound to show that the land was unseated at the time of the alleged assessment.

The sheriff's sale of 1858 was invalid: McCullough's App., 34 Pa. 248; Neil v. Colwell, 66 Pa. 216; Lippincott v. Tanner, 1 Miles, 286.

That the entire proceedings are void because of the issuance of the execution before the entry of a judgment, which is not a mere irregularity, seems clear on both reason and authority: Cummins v. Holmes et al., 109 Ill. 15; Cutler v. Wadsworth, 7 Conn. 6; Jackson et al. v. Hasbrouck, 12 Johns. (N. Y.) 213; Van Ness v. Cantine & Radcliff, 4 Paige's Chan. (N. Y.) 55; Briggs v. Ward-

well, 10 Mass. 356; Penniman v. Cole, 49 Mass. 496; Wells v. Stout, 9 Cal. 479.

It was clearly shown that there was an abundance of personal property upon the premises at the time of the sale: Davis v. Beers, 204 Pa. 288; Simpson v. Meyers, 197 Pa. 522.

*D. I. Ball*, with him *A. C. Brown*, for appellee.—It is well settled, that when two adverse parties claim title from the same common source, it is not necessary to trace title back of that common source: Rhines v. Baird, 41 Pa. 256; Turner v. Reynolds, 23 Pa. 199; Clark v. Trindle, 52 Pa. 492; McGrew v. Harmon, 164 Pa. 115.

The act of May 20, 1857, did not organize the county of Forest for judicial purposes, but merely gave authority to the people of that county so to organize by the election of judicial officers: McCullough's App., 34 Pa. 248.

The objection to the writ of testatum venditioni exponas issued to the sheriff of Forest county is not tenable, as the identical question is raised and decided in Neil v. Colwell, 66 Pa. 216.

OPINION BY MR. JUSTICE POTTER, January 3, 1911:

This was an action of ejectment brought by L. S. Clough against James C. Welsh, to recover possession of a tract of some 1,100 acres of land in Howe township, Forest county, being Warrant No. 5282. Under binding instructions of the trial judge, the jury found a verdict in favor of the plaintiff, and from the judgment entered thereon, the defendant has appealed. We do not think it necessary to take up in detail each of the thirty-two assignments of error which have been filed. In the abstract of title filed by plaintiff, and in the evidence offered by him on the trial, he showed title out of the commonwealth to Alexander Thompson, a number of tax sales being in the line of title. In the abstract of title filed by defendant, he claims title first by adverse possession, and secondly by grant in 1904, from the heirs

of Alexander Thompson. On the trial defendant offered
no testimony whatever to sustain his claim to adverse
possession, but he did offer in evidence his deeds from
the Thompson heirs. Notwithstanding the fact that the
only evidence of title offered by defendant on the trial
was based on the title in Thompson, yet he attempted
to attack the validity of some of the tax sales in the line
of the Thompson title. As both parties were claiming
under Thompson, the trial court was undoubtedly right
in holding, as set forth in its opinion sur motion for new
trial, that "the pleadings in this case clearly show that
the plaintiff and defendant both claim under a common
source, to wit, from Alexander Thompson. Such being
the case, it does not lie in the defendant's mouth to ques-
tion the title of said Thompson." The only effect of
permitting defendant to invalidate the Thompson title
would have been to deprive him of any standing whatever.
The authorities are clear that when both parties claim
title under a common source, it is unnecessary to make
proof of title beyond that source. In Riddle v. Murphy,
7 S. & R. 230, Justice GIBSON said (p. 235): "Both par-
ties claim under the same title; it is too clear, therefore,
for argument, that the plaintiffs were not bound to trace
back their title beyond Cornelius Murphy (under whom
both claimed). If there was a title adverse to his either
in the commonwealth or a third person, it lay on the de-
fendant to show it." In Patton v. Goldsborough, 9 S. &
R. 47, where the opinion is by Chief Justice TILGHMAN,
the syllabus reads: "Where both plaintiff and defendant
derive title from the same person, who had been seized
of the premises, it is not necessary that the plaintiff
should show a title out of the commonwealth:" Turner v.
Reynolds, 23 Pa. 199, and Clark v. Trindle, 52 Pa. 492,
are to the same effect. It was therefore unnecessary for
plaintiff to show title prior to 1855, when Alexander
Thompson became seized of the land in controversy, and
the question as to the regularity of prior tax sales was
immaterial.

One of the links in plaintiff's subsequent chain of title is the record of a sheriff's sale of the land in question, under a judgment against Alexander Thompson. The judgment was in favor of Thomas E. Brown, and was entered by confession on November 17, 1857. A præcipe for a fieri facias was filed, upon which a writ was issued, attested September 18, 1857, to which the sheriff made a return that he had levied on certain real estate, including the land here in question. On December 21, 1857, Forest county, where the land was situated and which had been previously a part of Jefferson county, acquired a separate existence for judicial purposes: McCullough's App., 34 Pa. 248. On July 26, 1858, a præcipe for a testatum venditioni exponas to the sheriff of Forest county was filed in Jefferson county, and a writ issued which was attested May 14, 1858. At the sale under this writ the property was purchased by the plaintiff, James E. Brown, to whom the sheriff duly acknowledged and delivered a deed. When the record of the judgment and execution, and of the sheriff's sale, were offered in evidence upon the trial, defendant's counsel objected, and filed seven reasons therefor. Of these objections only two are now pressed. The first of these is that, as Forest county was set apart as a separate judicial district by the Act of May 20, 1857, P. L. 612, a judgment entered in Jefferson county on November 17, 1857, would not be a lien on land in Forest county. But this contention is answered by the decision of this court in McCullough's App., 34 Pa. 248, in which it was held that the act of May 20, 1857, did not organize the county of Forest for judicial purposes, but merely gave authority to the people of that county to so organize, by the election of judicial officers; and that the county of Forest was not organized for judicial purposes until December 21, 1857. That a writ of testatum venditioni exponas issued to the sheriff of Forest county under the circumstances was a proper writ appears from the decision in Neil v. Colwell, 66 Pa. 216.

In the second place, counsel for appellant contend

that the sheriff's sale was illegal because the writ of fieri facias is tested September 18, 1857, while the judgment was apparently not entered until November 17, 1857. It does appear from the record, however, that the præcipe for the fieri facias was filed November 17, 1857, the same day the judgment was entered. Therefore the writ could not have been issued two months before the præcipe for its issuance was filed.

Counsel for appellee also point out the fact that the writ of fieri facias recites the recovery of the judgment and the amount of it, which would also be impossible if the writ had been issued two months before judgment was entered. It is apparent that the entry of the date September 18, is either a clerical error or else, as is also suggested by counsel for appellee, the prothonotary in issuing the writ, followed the common-law practice of testing it as of the first day of the term. The same practice seems to have been followed in the case of the testatum venditioni exponas; for there the præcipe was filed July 26, 1858, while the writ issued in pursuance of that præcipe seems to bear date May 14, 1858, more than two months earlier. But in any event, we are satisfied that the trial judge was right in holding that, whatever irregularity there may have been in the issuance of the testatum venditioni exponas was cured by the acknowledgment of the sheriff's deed in open court. In Cock v. Thornton, 108 Pa. 637, Mr. Justice CLARK said (p. 640): "In numerous cases it has been held by this court that the acknowledgment of a deed is a judicial act, and concludes all mere irregularities, however gross, in the process and sale. After acknowledgment, the validity of the title acquired by the purchaser cannot be questioned in any collateral action involving the title, except for the absence of authority or the presence of fraud in the sale. This question was elaborately considered in Shields v. Miltenberger, 14 Pa. 76, where the authorities are collected and reviewed by Mr. Justice BELL, and that case is followed by many others. . . . In this case there was

a valid judgment, a regular writ of fieri facias, a levy upon and condemnation of the land, and a venditioni exponas directing the sale. The sheriff had undoubted authority, and no fraud is alleged; the deed if duly executed, acknowledged and delivered will therefore convey the title." In Mencke v. Rosenberg, 202 Pa. 131, our Brother MESTREZAT said (p. 136): "This is a proceeding (an action in ejectment against a purchaser at sheriff's sale) collateral to that under which the land was sold. The acknowledgment of the sheriff's deed passed a valid title to the purchaser unless there was fraud or want of authority in the sale. As suggested above, the statute conferred the authority and fraud in the sale is not alleged."

In the present case it is true that the sheriff's return to the fieri facias shows a levy on the real estate of the defendant, Alexander Thompson, and does not show inquisition or condemnation. But this would be an irregularity only, which under the authority of Spragg v. Shriver, 25 Pa. 282, could only be objected to within a reasonable time; that is, before the confirmation of the sale, and the acknowledgment of the sheriff's deed.

Under the pleadings and the evidence the plaintiff might have relied upon the title derived under the judgment against Thompson, and the sheriff's sale to James E. Brown, and the subsequent conveyances. But in addition he offered in evidence two treasurer's deeds for the tract of land in controversy; one under a tax sale in 1888, for arrearages of taxes in 1886 and 1887; and the other deed under a sale made in 1890, for the taxes of 1888. In the thirty-second assignment of error appellant alleges error in the portion of the charge of the court referring to these tax sales, which was as follows: "The defendant seeks to avoid that title by showing that these lands were seated lands at the time of the assessment of the taxes. We say to you that there is evidence bearing on that question and evidence from which the jury might find that the land was in fact seated land, but there is no evidence that there was sufficient property on the prem-

ises for the payment of these taxes, liable to be seized and sold for the payment of taxes. As I have said, the burden is on this defendant to show that there was sufficient property upon the premises to pay these taxes in order to avoid the effect of these sales." And in the twenty-ninth assignment of error, appellant alleges that the court erred in its answer to defendant's ninth point, which said point and the answer thereto were as follows: " Ninth. If the jury believe the land was seated in 1888, and further believe from the testimony that there was sufficient personal property on the premises during that year from which the taxes could have been made, then the tax sale of 1890, made on a return of the land for that year as unseated is invalid and cannot be used as a ground of recovery by the plaintiff in this action. *Answer:* This point is also a correct statement of the law, but it does not apply to this case for the reason there is nothing to submit to the jury upon the question of the sufficiency of the personal property upon the premises upon which the taxes could have been made, so we refuse the point as not being applicable to the case."

We think the trial judge was right in his view of the evidence in this respect. Even if the land was in fact seated land, the burden was upon the defendant to show affirmatively that at the time the assessment was made there was sufficient personal property on the premises liable to seizure, to pay all the taxes assessed thereon. We do not find evidence to show this fact. The question is not important, as the plaintiff established his title irrespective of these tax sales, and for that reason was entitled to binding instructions in his favor. We see no substantial merit in any of the assignments of error. They are all dismissed, and the judgment is affirmed.