Levy *v.* Spitz.

Appeal of Twelfth & Filbert Sts. Realty Co.

Argued April 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*David S. Malis,* for appellant.—Under the provisions of Act of 1836, P. L. 755, section 45, a sheriff's sale is void as to the owner of real estate sold without an inquisition: McLaughlin v. Shields, 12 Pa. 283; Gardner v. Sisk, 54 Pa. 506; Wolf v. Payne, 35 Pa. 97; Bartholomew's Church v. Wood, 61 Pa. 96; Baird v. Lent, 8 Watts 422.

A waiver of inquisition in a judgment will bind defendant so long as he is the owner of the land bound by the lien of the judgment, but it will not bind his vendee: Rohrer v. Rohrer, 14 Pa. C. C. R. 332; Wolf v. Payne, 35 Pa. 97.

*Thomas P. Mikell,* with him *Saul, Ewing, Remick & Saul,* for appellee.—While there are no cases which are directly in point, Kostenbader v. Spotts, 80 Pa. 430, seems in principle to be controlling.

OPINION BY MR. JUSTICE SADLER, May 13, 1929:

John Spitz, the owner of certain real estate in the City of Philadelphia, mortgaged the same on September 24, 1925, to Max Levy for $350,000. Both bond and mortgage were entered the same day, and at once assigned of record to the Pennsylvania Company for Insurances on Lives & Granting Annuities. In each instrument it was provided that in case of default the property could be sold on a writ of fi. fa., and the obligor expressly waived the right of inquisition on behalf of himself, "his executors, administrators and assigns." On the 25th, the land was deeded to the Twelfth & Filbert Streets Realty Company, present appellant.

Default in payment of interest occurred, and a fi. fa. was issued on October 29, 1928, by the assignee, of which notice was given to the subsequent purchaser, as appears by affidavit filed. The latter presented its petition asking that the execution be stayed on the ground that it had not waived the necessity of an inquisition, as the record showed was done by the mortgagor, but the rule granted was dismissed. The sheriff disposed of the land at public sale on December 11th, and again an application was made to set the proceeding aside for the reason previously averred in the petition having for its purpose the prevention of the sale. This rule was also discharged, and from the order made the present appeal was taken.

Only one question requires consideration. Real estate cannot ordinarily be sold on execution unless there be an inquisition and condemnation. This right of the debtor was always held to be one that could be waived, for the privilege was established for his benefit: Overton v. Tozer, 7 Watts 331. It is well settled that a sale without a surrender of the advantage legally given is voidable (Albright v. Lehigh Coal & Nav. Co., 203 Pa. 65; St. Bartholomew's Church v. Wood, 61 Pa. 96; Gardner v. Sisk, 54 Pa. 506), and, to be effective, the record must show a waiver by one competent to make it: Hope v. Everhart, 70 Pa. 231. The Act of June 16, 1836, P. L. 769, section 44, provided for a jury of inquest where real estate was seized, unless (section 45) the defendant "being at the time the owner thereof" shall waive the necessity for such procedure. The words in quotations were repeated in the Act of May 10, 1881, P. L. 13, by which the number of jurors was reduced to six. Under this legislation it was held that a vendee from the debtor, whose deed antedated the entry of a judgment containing a waiver, was not bound by such agreement (Wolf v. Payne, 35 Pa. 97), but it was early recognized that it was controlling on the purchaser who acquired title after the entry of a lien in which such a

provision appeared: Kimball v. Kelsey, 1 Pa. 183. In the present case, both bond and mortgage, containing express waivers, binding on the obligor, his heirs, representatives and assigns, were matters of record prior to the conveyance to the complaining realty company. Even if such stipulation had appeared only in the judgment, not entered prior to the deeding of the land, it would refer back to the date of recording of the mortgage, which antedated the conveyance: Hartz v. Woods, 8 Pa. 471; O'Maley v. Pugliese, 272 Pa. 356; DeWitt's Appeal, 76 Pa. 283.

The claim of the realty company rests on a strict and technical construction of the wording of the Acts of 1836 and 1881, already referred to, in that they both provide that the waiver shall be executed by the owner at the time of issuing the fi. fa., though the latter took the land, as in this case, with record notice of the fact that the privilege had been surrendered. This contention is answered adversely to appellant in Kostenbader v. Spotts, 80 Pa. 430. Though the majority of the court in that case was of belief that a waiver from the subsequent owner should be secured, yet it held the practice to proceed where this had been agreed to by the one executing the obligation, and who later transferred the title, the vendee having knowledge of what had been done, was so clearly established and recognized as proper, that the sale, under such circumstances, would be sustained without inquisition. In the fifty years which have followed that decision, no contrary ruling has been made, and the judgment referred to controls the present case.

Even if there was doubt of the correctness of this determination, though we have none, yet the complaint now made is clearly without avail in view of the Act of April 21, 1921, P. L. 206, not referred to below or on argument before us. That legislation provides expressly for a situation such as here presented, providing, as it does, that where an obligor has waived the right to in-

quisition, and this appears of record, the real estate thereafter conveyed shall be taken subject to this condition; and, further, that the property seized, whether still held by the obligor "or in the hands of a purchaser or subsequent owner" may be sold on a fi. fa. "without any proceedings for an inquisition on the real estate, as is now provided by law."

Both the bond and mortgage given to Spitz, and assigned to appellee, were of record prior to the sale to the realty company. It took the land subject to the lien, and the agreements of its vendor, by which the right to sell, as here done, was given. Under the law, as declared in Kostenbader v. Spotts, supra, the rule to set aside the sale for the reasons given was properly discharged, and the correctness of this conclusion finds statutory approval in the express provision of the Act of 1921.

The order of the court below is affirmed at the cost of appellant.