Goodyear Service, Inc., *v.* Moore, Appellant.

Argued January 13, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*I. Louis Rubin,* for appellant.

*Isaac J. Vanartsdalen* and *Edward G. Biester,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

Appellee secured a judgment for $70 against appellant before a justice of the peace. A transcript of the judgment was filed with the prothonotary without a certificate showing that an execution had been issued and

returned "no goods." A fi. fa. then issued from the pro-
thonotary and on it appellant's undivided half-interest
in a farm was sold to Georgetta Moore. Although ap-
pellant had waived inquisition on six preceding and
seven subsequent judgments, there was no waiver on the
judgment in question and no inquisition was held before
the sale of appellant's real estate. The sale was con-
firmed, a deed was delivered to the purchaser, and dis-
tribution of the sum realized was made to appellant's
creditors. No steps were taken by appellant to stay the
writ and no exceptions were filed to the sheriff's return
or confirmation thereof. After delivery of the deed by
the sheriff, appellant asked to have the sale set aside.
The rule granted on his petition was discharged and this
appeal followed.

Appellant presents two questions for consideration:
first, the validity of an execution issued on a judgment
from a justice's court when the transcript shows no ex-
ecution was made and returned nulla bona in the jus-
tice's court. Second, the validity of a sale of real estate
without inquisition on a fi. fa. issued on a judgment
which does not waive inquisition and condemnation.

There are no appellate court decisions upon the first
question, but the almost unanimous opinion of the lower
court cases that have considered it support the conclu-
sion that it is only an irregularity and waivable:
*Stroudsburg Bank v. La Bar,* 7 C. C. 163; *Kunkel v.
Snoddy,* 1 Pearson 36; *Dunn v. Fries,* 3 Clark 113;
*Contra, Moore v. Risden,* 3 Clark 408. The Act of
March 20, 1810, P. L. 208, agrees in substance with the
Act of June 24, 1885, P. L. 160. The Act of 1885 pro-
vides that: "Before any execution shall be issued in the
court of common pleas on such transcript, the . . .
justice of the peace or alderman, before whom such judg-
ment shall have been obtained, shall first certify that an
execution has been issued on said judgment, and the con-
stable, to whom the same was directed, has made return
that no goods could be found sufficient to satisfy said

demand." The act does not state that failure to file a certificate voids the subsequent levy and sale. The provision requiring an execution and return of no goods from a justice's court benefits the small debtor by relieving him of the larger costs incident to a sheriff's execution. This policy is clearly shown by comparison with the Act of 1889, P. L. 176, which provides that where a justice's judgment is for $100 and upwards a transcript may be filed in the prothonotary's office "without first having an execution issued by the justice and a return of nulla bona by a constable." As the Act of 1885 was for the benefit of appellant, he could and did waive its benefits by dilatory action.

We said in *Poor v. Colburn*, 57 Pa. 415, that "It is a well-established rule of practice that application to set aside proceedings for irregularity should be made as early as possible, or, as it is commonly said, in the first instance." In *Swanger v. Snyder*, 50 Pa. 218, where an attachment execution issued on a transcript without a prior execution and return of "no goods," we held such omission an irregularity since defendant had notice thereof and failed to object before the sale thereon.

There is a conflict of authority in this State as to whether a sale on fi. fa. without inquisition or waiver thereof is void. An early case and our later cases indicate the sale only voidable, while others would seem to hold it void. In the first case on this point, *Spragg v. Shriver*, 25 Pa. 282, plaintiff in ejectment contended defendant's title was bad because it was procured at sheriff's sale on a vend. ex. without prior waiver of inquisition and condemnation. Speaking of a sheriff's sale without inquisition or waiver, the court said: "The law provides that he shall have notice of the sale, and gives him the exclusive right to object to or waive irregularities. Under such circumstances, if he permits a purchaser to pay his money and receive the deed duly acknowledged, without objection, the money can never be recovered back by the purchaser. . . . If the objection

comes too late for the relief of the purchaser, it certainly is too late for the defendant in the execution. . . . The last is guilty of gross negligence in permitting an innocent person to be injured by proceedings which he had the power to arrest or set aside. The law will not permit him thus to make a profit out of his own wrong. If these views be correct, the case is stronger against the defendant in the execution after he has actually secured the payment of his debts out of the proceeds of sale." In *Clough v. Welsh,* 229 Pa. 386, we said: "In the present case it is true that the sheriff's return to the fieri facias shows a levy on the real estate of the defendant, Alexander Thompson, and does not show inquisition or condemnation. But this would be an irregularity only, which, under the authority of *Spragg v. Shriver,* 25 Pa. 282, could only be objected to within a reasonable time; that is, before the confirmation of the sale and the acknowledgment of the sheriff's deed."

With reference to a sale without waiver, the court stated in *Collins v. Phillips,* 236 Pa. 386: "But at most this is only an irregularity which, under the authority of our cases must be objected to within a reasonable time, and it has been frequently held that such reasonable time is before the confirmation of the sale and the acknowledgment of the deed: *Spragg v. Shriver,* 25 Pa. 282; *McLaughlin v. McLaughlin,* 85 Pa. 317; *Clough v. Welsh,* 229 Pa. 386." We held in *Levy v. Spitz,* 297 Pa. 136, that a waiver of inquisition by a vendor was good as against his subsequent vendee, saying: "It is well settled that a sale without a surrender of the advantage legally given is voidable *(Albright v. Lehigh Coal & Nav. Co.,* 203 Pa. 65; *St. Bartholomew's Church v. Wood,* 61 Pa. 96; *Gardner v. Sisk,* 54 Pa. 506), and, to be effective, the record must show a waiver by one competent to make it: *Hope v. Everhart,* 70 Pa. 231."

Other cases indicate that sale on a fi. fa. without inquisition and condemnation or waiver thereof is void. Thus in *Gardner v. Sisk,* 54 Pa. 506, a sale on alias fi. fa.

without inquisition or waiver thereof was held to be entirely void. The facts showed the judgment debtor was called to army duty and the sheriff's sale was held several days afterwards. Ejectment was brought against a vendee of the purchaser at the sheriff's sale. The Supreme Court said: "It must therefore be, that the sale to Gardner, under whom the plaintiff in error claims, was entirely void, and if so, it was not made good by the fact that its proceeds were distributed among the creditors of Sisk. That furnishes no basis for estoppel against him. It was not in his power to prevent such a distribution, and he cannot therefore be prejudiced by it." This case was followed in *Albright v. Lehigh Coal & Nav. Co.,* 203 Pa. 65; *Zuver v. Clark,* 104 Pa. 222; *Hope v. Everhart,* 70 Pa. 231; *St. Bartholomew's Church v. Wood,* 61 Pa. 96.

In the case of *Albright v. Lehigh Coal & Nav. Co.,* supra, the company's title depended upon the validity of a certain waiver of inquisition and condemnation. While the waiver was held good, the court said: "It is well settled by our authorities, that to support a sale of land by the sheriff the record must show an inquisition or a waiver thereof by defendant. See *McLaughlin v. Shields,* 12 Pa. 282, and *St. Bartholomew's Church v. Wood,* 61 Pa. 96, and the many authorities cited in these cases. Without a waiver there is no authority to sell; the acknowledgment of the deed will cure a mere irregularity, but it will not supply an authority which never existed."

All these cases which approved the doctrine of *Gardner v. Sisk,* supra, quoted from it that "it was not in his [the execution defendant's] power to prevent a distribution" of the money to the execution defendant's creditors, but failed to note that this statement was made with reference to the peculiar facts of that particular case; that defendant was off to war, which is not true of the defendant in the case at bar or in the other cases. Not only was it in this defendant's power but, in justice,

326

it was his duty to prevent the consummation of the sale and the distribution of the proceeds.

There are other cases, in addition to those previously cited, which hold that a sale without waiver of inquisition is voidable, and that the party whose property is sold may set it aside only if he acts within a reasonable time. In *McLaughlin v. McLaughlin*, 85 Pa. 317, plaintiff claimed that a title to property was bad because it was through a purchaser at a sheriff's sale made on a writ of fi. fa. which had been stayed and that the waiver of inquisition prior to the stay did not remain in effect after the stay. The defendant in the execution never objected. The court said: "A sheriff's sale of a defendant's real estate upon a judgment and execution against him, without a condemnation or waiver of inquisition in that particular case, and a deed acknowledged to the purchaser without objection, and the proceeds of sale appropriated to the defendant's debts will divest the title of the defendant to the premises, and a subsequent sheriff's sale of the premises as the property of the defendant will confer no title on the purchaser. A defendant must object in a reasonable time, and such reasonable time is before the confirmation of the sale and the acknowledgment of the deed: *Spragg v. Shriver*, 1 Casey 282."

Under these circumstances, to set the matter at rest we hold that a sale of land on an execution without inquisition or condemnation on a judgment which contains no waiver of inquisition or condemnation is an irregularity only, which must be objected to when reasonably possible before confirmation of the sale or acknowledgment of the deed. Any authority to the contrary must be considered as superseded.

Order affirmed at appellant's cost.