# Strealy, Appellant, *v.* Spoonhour.

*Ejectment—Common source of title—Title out of Commonwealth — Evidence — Inconsistent claims — Act of June 10, 1893, P. L. 415.*

1. Ordinarily, it is incumbent upon the plaintiff in ejectment to establish title in himself from the Commonwealth; but this rule is subject to the limitation that, where both parties assert their right from the common source it is unnecessary to make proof of ownership in plaintiff beyond that point.

2. Where a person petitions for an issue in ejectment under the Act of June 10, 1893, P. L. 415, and avers in his petition that he claimed the land as a parol gift from his father in a year stated, followed by adverse possession for more than twenty-one years, and an issue is framed between the petitioner as defendant and a person claiming by deed from his father as plaintiff, the plaintiff may offer in evidence the petition to show that the father was the common source of title, and need not prove his title out of the Commonwealth.

3. A claimant cannot assert inconsistent rights to ownership in the same litigation.

Argued January 24, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 94, Jan. T., 1928, by plaintiff, from judgment of C. P. Franklin Co., Oct. T., 1925, No. 408, on directed verdict for defendant, in case of M. W. Strealy v. Wilson Spoonhour. Reversed.

Ejectment under Act June 10, 1893, P. L. 415, for land in Greene Township. Before Davison, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was in directing verdict for defendant, quoting record.

*John W. Hoke,* with him *William S. Hoerner,* for appellant.—If Jacob Spoonhour was a common source of title, or if defendant is estopped by his own declarations from denying the title of Jacob Spoonhour, then proof of title out of Jacob Spoonhour was sufficient to carry plaintiff's case to the jury; in ejectment it is not necessary to show title back of common source: Riddle v. Murphy, 7 S. & R. 230; Patton v. Goldsborough, 9 S. & R. 47; Turner v. Reynolds, 23 Pa. 199; Sallada v. Mock, 271 Pa. 212.

The declarations of defendant were admissible in evidence; where party claims by adverse possession his declarations while in possession are admissible in evidence: Greenwich Coal & Coke Co. v. Learn, 234 Pa. 180; Mickey v. Hardin, 79 Pa. Superior Ct. 592.

Where one claims by adverse possession it is not enough for him to prove mere exclusive and continuous possession for the statutory period; he must also prove possession under a claim of ownership, and this court has clearly decided that he must indicate the nature of his claim, when it began, and whether it was such as

to give him a reasonable belief that his claim was valid: Johns v. Johns, 244 Pa. 48; O'Boyle v. Kelly, 249 Pa. 13; Reap v. Dougher, 261 Pa. 23.

In his petition under the Act of 1893, defendant was bound to set forth the facts of his claim of title and right of possession; he did so under oath, making it a matter of record and was thereafter estopped from making a different claim: Cox v. Cox, 26 Pa. 375; Miller v. Springer, 88 Pa. 203; Rapp v. Crawford, 146 Pa. 21; Fyan v. Cessna, 7 Sadler 42; Com. v. Bierly, 37 Pa. Superior Ct. 496.

*Edmund C. Wingerd,* with him *D. Edw. Long,* for appellee.—The offer made by plaintiff was not sufficient (a) to prove title in plaintiff, (b) to prove common source of title, (c) to estop defendant from pleading and claiming title by reason of adverse possession, and the court properly refused to admit the evidence: Clough v. Welsh, 229 Pa. 386; Olewine v. Messmore, 128 Pa. 470.

Title by adverse possession may be acquired either in good faith (Leeds v. Bender, 6 W. & S. 315) or in bad faith (Dikeman v. Parrish, 6 Pa. 210); it may be acquired with an express claim of title or color of title or without any express claim of title or color of title: Rung v. Shoneberger, 2 Watts 23, 28; Hoey v. Furman, 1 Pa. 295, 300; Watson v. Gregg, 10 Watts, 289, 295; Olewine v. Messmore, 128 Pa. 470, 484.

OPINION BY MR. JUSTICE SADLER, March 12, 1928:

Wilson Spoonhour, the defendant, was in possession of a tract of land containing about four acres, title to which was claimed by Strealy, plaintiff. The former presented a petition asking that a rule be granted to show cause why an issue should not be framed to determine their respective rights therein. The proceeding was based on the Act of June 10, 1893 (P. L. 415, section 2), which provides that in such case application may be made to the common pleas by petition "setting forth

the facts of such claim of title and right of possession."
He alleged that "on or about the year 1881, Jacob Spoon-
hour, the father of Wilson Spoonhour, your petitioner,
took your petitioner along the boundaries of the above
described tract of land, and your petitioner, at that
time, marked the said boundaries.  At the same time
Jacob Spoonhour, the father of your petitioner, claim-
ing to be the owner of said tract of land, stated that
he gave the said land to your petitioner.  Your peti-
tioner, in the year 1881, entered upon said land, took
possession of it and erected a dwelling house and other
buildings upon it, and since that time has been in con-
tinuous, adverse, exclusive and notorious possession of
the same, and still continues to be in such possession
thereof, having at all times claimed to be the sole owner
of said tract of land, thereby obtaining and acquiring
a fee simple title to the said land and the buildings
erected thereon by reason of adverse possession thereof
for a period of more than twenty-one years."  An an-
swer was filed by Strealy asserting title to all but one
acre of the land referred to, and an issue was awarded
by the court, in which he was made plaintiff.

Later a disclaimer of ownership to the portion not in
dispute was filed, and also an amended statement of
claim with abstract of title.  Jacob Spoonhour was
named as the common source of ownership, the plaintiff
claiming through conveyances from him.  To this plead-
ing an answer was interposed, setting forth an ex-
clusive possession by Wilson since 1881, at which time
the father was the holder, but denying that he claimed
title through him, but solely by reason of his occupancy
for twenty-one years.  It was the duty of defendant,
asserting a right based on adverse possession, to show
when his interest began: Johns v. Johns, 244 Pa. 48;
O'Boyle v. Kelly, 249 Pa. 13.  In both the petition for
the issue and answer, it is set forth as originating in
1881, when the father Jacob was in possession, and the

only variation in the later pleading is the allegation that the claim is not "through" him.

At the trial plaintiff offered a deed for the land in question from Jacob to Edward Spoonhour, and a conveyance from the latter to him. The petition of defendant praying for an issue in this proceeding was then submitted to establish, as therein set forth, that Jacob was the common source of title, but this evidence was refused. The record in another proceeding relating to a part of the same land, and a deed of defendant to a third party, both containing recitals that Wilson had entered under gift from his father, were also offered for the purpose of showing admissions of the same fact. As to the deed it may be noted that, in defendant's amended answer, he claims title to the land now in question, describing it, less a portion transferred by him to another by the paper referred to, wherein is set forth the fact that the whole tract was acquired by conveyance from the father, Jacob. The court declined to receive any of the three documents, as incompetent to establish the facts proposed to be proved. The admissibility of the two papers last noted need not be considered, as we view the case, for the first clearly should have been received in evidence. No further testimony as to ownership was presented by the plaintiff, and the learned court below gave binding instructions for the defendant, on the ground that plaintiff had failed to show title from the Commonwealth. From that ruling, the present appeal was taken.

The question presented is a narrow one. The plaintiff could recover only on the strength of his own right, and, if he failed in carrying the burden cast upon him, no recovery was permissible. Ordinarily, it is incumbent upon the claimant in ejectment to establish title in himself from the Commonwealth. But this rule is subject to the limitation that, where both parties assert their right from a common source, it is unnecessary to make proof of ownership in plaintiff beyond that point:

Clough v. Welsh, 229 Pa. 386; Sallada v. Mock, 271 Pa. 212; Sautter v. Rowland, 285 Pa. 212. "If there was a title adverse to his either in the Commonwealth or a third person, it lay on the defendant to show it": Riddle v. Murphy, 7 S. & R. 230; Turner v. Reynolds, 23 Pa. 199.

The foundation of the present proceeding was the petition for an issue, which, under the terms of the act, necessarily set forth the "facts of such claim of title," and it was here asserted specifically to have been based on a parol gift in 1881 by Jacob to his son, followed by adverse possession. The answer to the amended statement avers entry at the same time, while the father was in possession, but denies it was "through" him. The defendant cannot assert inconsistent rights to ownership in the same litigation: Cox v. Cox, 26 Pa. 375; Eshbach v. Zimmerman, 2 Pa. 313. Where an averment is made in a petition filed in a judicial proceeding relating to the title to property, the petitioner cannot show a different title even in a subsequent proceeding involving the same subject-matter (Garber v. Doersom, 117 Pa. 162; see also, Moser v. P., H. & P. R. R. Co., 233 Pa. 259; Pivirotto's Est., 251 Pa. 548), and, with more reason, is estopped from doing so when the declaration is the basis of the litigation before the court: Rapp v. Crawford, 146 Pa. 21.

The trial judge was of the opinion that, since defendant's right rested on an adverse holding,—admittedly begun in 1881, when the father had possession,—the rule sustaining the sufficiency of proof to a common source could have no application, since the entry might have been as against some third party, and continued thereafter for twenty-one years. With this conclusion we cannot agree. The proceeding was based on the claim of title set forth in the petition, which averred that Jacob was the owner when the parol gift was made, and defendant is now estopped from assuming a contrary position. In the answer no denial is made that the fa-

ther was the holder of the land at the time of entry, and the statement is modified only so far as to aver that Wilson does not now claim his adverse possession is based on a parol gift, nor through his father, evidently meaning to assert he was a mere intruder or trespasser. The pleadings clearly showed Jacob to be in possession at the time the change occurred, whether an entry was then made through him or otherwise, and should have been admitted to prove he was the source to which both looked at the time of origin of their respective claims. To require that plaintiff establish title to a more remote period would have been useless. See Clough v. Welsh, supra. The petition offered in evidence should have been received, and binding instructions for the defendant refused.

The judgment is reversed with a venire facias de novo.